IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

LISA ALYN, an individual,

Plaintiff,

v.

SOUTHERN LAND COMPANY, LLC, a Tennessee Limited Liability Company

Defendant.

Civil Action No.

**JURY DEMAND**

## COMPLAINT

Plaintiff, Lisa Alyn, for her Complaint against Defendant Southern Land Company LLC, alleges as follows:

### NATURE OF ACTION

1. This is an action for monetary, injunctive and declaratory relief arising out of a coordinated and unfair attack on Plaintiff's business by Defendant. Defendants has threatened Plaintiff with invalid trademarks which were fraudulently obtained, filed meritless legal proceedings attempting to wrest away Plaintiff's valuable domain names, and, most recently, have made false allegations against Plaintiff to her business peers. As a result of Defendant's attack on her business, Plaintiff commences this civil action seeking a declaratory judgment arising under the Federal Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202), cancellation of Defendant's federal trademark registrations under the Federal Trademark Act (the "Lanham Act") (15 U.S.C. §§ 1064, 1118, 1125(a) *et seq.*), and monetary damages for Defendant's tortious interference and unfair competition under federal and Tennessee State common law.

## PARTIES

2. Plaintiff, Lisa Alyn resides in the State of Tennessee. Plaintiff has a business address of 7105 Crossroads Boulevard, Brentwood, Tennessee 37027. Plaintiff is a real estate agent, real estate broker and real estate consultant that provides her services in this judicial district.

3. Defendant, Southern Land Company, LLC, ("Southern Land") is a Tennessee limited liability company and has a business address of 601 Corporate Center Drive, Suite 200, Franklin, Tennessee 37067. Defendant is a real estate developer.

## JURISDICTION AND VENUE

4. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 *et seq* and the Lanham Act, 15 U.S.C. §§ 1064, 1118, 1125(a) *et seq*. The Court has subject matter jurisdiction pursuant to U.S.C. § 1521, 28 U.S.C. §§1331 and 1338. Venue in this judicial district is proper under U.S.C. §§ 1391(b), (c) or 1400(b) in that, Defendant has done business in this district or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this judicial district. Defendant is subject to the personal jurisdiction of this Court and is amenable to service of process.

## FACTS

5. Ms. Alyn became a licensed realtor in 2006 and has continuously worked in the real estate industry since then. Ms. Alyn began her career as an agent for Keller Williams Realty. In August, 2013, she began working with her current real estate broker, SilverPointe Properties.

6. Since obtaining her real estate license, she has worked with real estate buyers and sellers in Franklin, Tennessee.

7. In the summer of 2008, Ms. Alyn began working with potential buyers and sellers in the Westhaven area of Tennessee. Westhaven is the name of a geographical area about twenty

24259519 v1
Case 3:15-cv-00596   Document 1   Filed 05/27/15   Page 2 of 12 PageID #: 2

## PARTIES

2. Plaintiff, Lisa Alyn resides in the State of Tennessee. Plaintiff has a business address of 7105 Crossroads Boulevard, Brentwood, Tennessee 37027. Plaintiff is a real estate agent, real estate broker and real estate consultant that provides her services in this judicial district.

3. Defendant, Southern Land Company, LLC, ("Southern Land") is a Tennessee limited liability company and has a business address of 601 Corporate Center Drive, Suite 200, Franklin, Tennessee 37067. Defendant is a real estate developer.

## JURISDICTION AND VENUE

4. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 *et seq* and the Lanham Act, 15 U.S.C. §§ 1064, 1118, 1125(a) *et seq*. The Court has subject matter jurisdiction pursuant to U.S.C. § 1521, 28 U.S.C. §§1331 and 1338. Venue in this judicial district is proper under U.S.C. §§ 1391(b), (c) or 1400(b) in that, Defendant has done business in this district or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this judicial district. Defendant is subject to the personal jurisdiction of this Court and is amenable to service of process.

## FACTS

5. Ms. Alyn became a licensed realtor in 2006 and has continuously worked in the real estate industry since then. Ms. Alyn began her career as an agent for Keller Williams Realty. In August, 2013, she began working with her current real estate broker, SilverPointe Properties.

6. Since obtaining her real estate license, she has worked with real estate buyers and sellers in Franklin, Tennessee.

7. In the summer of 2008, Ms. Alyn began working with potential buyers and sellers in the Westhaven area of Tennessee. Westhaven is the name of a geographical area about twenty

2

24259519 v1
Case 3:15-cv-00596   Document 1   Filed 05/27/15   Page 2 of 12 PageID #: 2

(20) miles south of Nashville, Tennessee. The Westhaven neighborhood is located inside the larger city, Franklin, Tennessee.

8. Ms. Alyn has continuously represented real estate buyers and sellers in Westhaven since 2008.

9. In approximately October, 2008, Ms. Alyn moved into Westhaven and has lived there continuously since that time.

10. Ms. Alyn obtained the domain name registration for <westhavenfranklin.com> at least as early as August, 2012, and the domain name registration for <westhavenfranklin.net> at least as early as September, 2012. Ms. Alyn registered the domain names <westhavenfranklin.com> and <westhavenfranklin.net> because those domain names are descriptive of the geographical area which she offers her real estate services. After registering <westhavenfranklin.com> and <westhavenfranklin.net>, she immediately began preparing a website to promote her real estate services. As early as December, 2012, and no later than January, 2013, the domain names resolved to a live website that is substantially similar to the website which is now available at the domain names. Plaintiff has continuously used these domains as part of her business.

11. Defendant, Southern Land, operates its real estate development business in Franklin, Tennessee.

12. On or around October 21, 2013, Ms. Alyn received a cease and desist letter from Southern Land. A copy of the letter is attached as Exhibit 1. The letter asserts that Ms. Alyn's use of the geographical term "WESTHAVEN" infringes on Southern Land's trademark rights. Among other things, the letter demands that Ms. Alyn "promptly transfer <westhavenfranklin.com> and <westhavenfranklin.net>" to Southern Land.

13. Ms. Alyn has valid rights to use the geographically descriptive term "WESTHAVEN" to describe where she provides her real estate services.

14. Southern Land is aware that the term "WESTHAVEN" is geographically descriptive and, as a result, cannot be the subject of any exclusive trademark rights. Notwithstanding Southern Land's knowledge that it lacks any enforceable trademark rights, Southern Land continuously tells third parties, including Ms. Alyn's business peers, third-party service providers and Ms. Alyn's potential customers, that Ms. Alyn's use of the geographically descriptive term constitutes trademark infringement.

15. Southern Land's October 21, 2013, letter asserts that Southern Land owns two federal registrations for the trademarks "WESTHAVEN" and "W WESTHAVEN". Because geographically descriptive terms are not eligible for trademark protection, Ms. Alyn was shocked to learn of Southern Land's federal registrations.

16. Southern Land obtained U.S. Trademark Registration No. 3,101,151, on June 6, 2006 for the mark "WESTHAVEN" in connection with real estate brokerage services. Southern Land filed its application to register the "WESTHAVEN" mark on June 20, 2003. The application was assigned Serial No. 76/524,401.

17. Southern Land also obtained U.S. Trademark Registration No. 3,101,151 on June 6, 2006, for the mark "W WESTHAVEN" and Design in connection with real estate brokerages services, real estate development, landscape design and gardening. Southern Land filed its application to register the "W WESTHAVEN" mark on June 20, 2003. The application was assigned Serial No. 76/524,137.

18. The trademark examiner issued two Office Actions on January 5, 2004; one for each of Southern Land's applications. The Office Actions are attached as Exhibit 2.

19. Both Office Actions included the following unambiguous requirement: The applicant must indicate whether "WESTHAVEN" has any significance in the relevant trade, or any geographical significance. 37 C.F.R. § 2.61(b).

20. In its July 6, 2004, responses to the two Office Actions (attached as "Exhibit 3"), Southern Land provided the following fraudulent statement to the United States Patent and Trademark Office ("USPTO"): Applicant submits that "WESTHAVEN" does not have any significance in the relevant trade, or any geographical significance.

21. Notwithstanding Southern Land's statements, Southern Land knew that "WESTHAVEN" is a community in Franklin, Tennessee.

22. "WESTHAVEN" has geographical significance; in fact, Ms. Alyn lives in "WESTHAVEN" and both Ms. Alyn and Southern Land conduct business in Westhaven.

23. If Southern Land had advised the USPTO that "WESTHAVEN" had a geographical significance, both registrations would have been refused under 15 U.S.C § 1052(e).

24. Southern Land obtained U.S. Trademark Registration Nos. 3,101,151 and 3,101,150 by fraud on the USPTO.

25. On February 5, 2014, Ms. Alyn commenced cancellation proceedings in the United States Patent and Trademark Office requesting that the USPTO cancel Southern Land's trademark registrations on the grounds that they were obtained by fraud. Those proceedings are pending, but Southern Land has taken multiple steps to delay progress in the proceedings so as to avoid the inevitable cancellation of the registrations. Although the proceedings were initiated well over a year ago, the proceedings have been suspended multiple times because of unnecessary motion practice by Southern Land. Ms. Alyn will request that the cancellation proceedings be suspended indefinitely until the resolution of this litigation.

26. On March 11, 2014, in a clearly retaliatory manner, Southern Land filed a Complaint pursuant to the ICANN Uniform Domain Name Dispute Resolution Policy (the "UDRP Complaint") seeking an Order that Ms. Alyn's domain names be transferred to Southern Land. In its UDRP Complaint, Southern Land relied on its fraudulently-obtained trademark registrations in alleging that Ms. Alyn's domain names infringe upon Southern Land's trademark rights.

27. Southern Land's UDRP Complaint was adjudicated by the National Arbitration Forum. On April 21, 2014, the UDRP Complaint was denied and the National Arbitration Forum refused to order transfer of Ms. Alyn's domain names to Southern Land. A copy of the National Arbitration Forum's April 21, 2014, Decision is attached as Exhibit 4.

28. Nonetheless, as retaliation against Ms. Alyn for refusing to adhere to Southern Land's meritless demands to cease use of the geographically descriptive term, Southern Land has interfered with Ms. Alyn's business relationships in an attempt to pressure Ms. Alyn to surrender to Southern Land's demands.

29. As an example of Southern Land's tortious interference and unfair trade practices, on April 21, 2015, Southern Land filed a meritless ethics grievance with the Williamson County Association of Realtors (the "Ethics Grievance"). The Ethics Grievance makes repeated false accusations against Ms. Alyn in an attempt to injure Ms. Alyn's reputation, goodwill and business interests. A copy of the Ethics Grievance is attached as Exhibit 5.

30. The Ethics Grievance collects numerous defamatory statements made by Southern Land, its employees and agents; for the most part, Ms. Alyn was unaware of the false statements until they were revealed in the Ethics Grievance.

31. The Ethics Grievance also demonstrates Southern Land's interference with Ms. Alyn's contracts, business relationships and business interests. Southern Land's interference was not in pursuit of any legitimate purpose, but rather was part of Southern Land's plan to harm and unfairly compete with Ms. Alyn.

### COUNT I
### DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT
### UNDER 28 U.S.C. §§ 2201 AND 2202 *et seq.*

32. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. A dispute has arisen between the parties, and an actual justiciable controversy exists in that Southern Land, asserts, and Ms. Alyn denies, that use of the term "WESTHAVEN" infringes Southern Land's exclusive trademark rights.

34. Ms. Alyn requests a declaration and judicial determination by this Court that her use of the term "WESTHAVEN" does not infringe any exclusive trademark right of Southern Land.

35. Ms. Alyn has no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

### COUNT II
### CANCELLATION OF FEDERAL TRADEMARK REGISTRATION
### UNDER 15 U.S.C. § 10604

36. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. The alleged mark "WESTHAVEN" used in connection with real estate services is understood by the relevant purchasing public to be a geographically descriptive term.

38. The U.S. trademark registrations obtained by Southern Land are invalid, unenforceable, and should be cancelled because the primary significance of the mark to the consuming public is to identify the geographical location known as "Westhaven."

## COUNT III
### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AND RELATIONS UNDER TENNESSEE COMMON

39. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40. Southern Land has and continues to compete with Ms. Alyn in the state of Tennessee and within this judicial district.

41. Southern Land has and continues to make misrepresentations to Ms. Alyn's business colleagues, service providers, potential customers, and the public about Southern Land's purported trademark rights in the term "WESTHAVEN" and the "W WESTHAVEN" design.

42. Southern Land's actions have and continue to be a direct and proximate cause of harm to Ms. Alyn's reputation that cannot be mitigated with damages thus causing irreparable harm as well as financial damage to Ms. Alyn due to lost business opportunities and Ms. Alyn's efforts to repair the damage caused by Southern Land's actions, in an amount to be proven at trial.

43. Unless and until Southern Land is restrained from her harmful conduct, Ms. Alyn will continue to suffer irreparable harm and financial loss.

## COUNT IV
### UNFAIR COMPETITION UNDER U.S.C. §§ 1051 *et seq.*

44. Plaintiff repeats and realleges each of the allegations contained in paragraph 1 through 43 of this Complaint, as if set forth fully herein.

45. As set forth above, Southern Land has made and continues to make deceptive, misleading, and fraudulent statements to the public and to Ms. Alyn's prospective customers, vendors, and service providers, about the nature and extent of Southern Land's trademark rights in the term "WESTHAVEN". These statements are meant to influence customers, vendors, and service providers and to steer the same away from the Ms. Alyn and to Southern Land.

46. Such false description, and/or representation constitutes unfair competition and is an infringement of Ms. Alyn's rights in violation of the Lanham Act, 15 U.S.C. § 1125(a).

47. Southern Land knew, or should have known, of Ms. Alyn's rights to the use of the term "WESTHAVEN" and that Southern Land's false descriptions and false representations were knowing, willful, and deliberate, making this an exceptional case within the meaning of U.S.C. § 1117.

48. Ms. Alyn has been, and will continue to be, damaged by such false descriptions and false representations in a manner and amount that cannot be fully measured or compensated in economic terms. Southern Land's actions have damaged, and will continue to damage, Ms. Alyn's market, reputation, goodwill, and may discourage current and potential customers from dealing with Ms. Alyn. Such irreparable harm will continue unless Southern Land's acts are restrained and/or enjoined during the pendency of this action and thereafter.

49. Ms. Alyn has been damaged by Southern Land's actions in an amount to be proven at trial. The actions of Southern Land have damaged, and will continue to damage, Ms. Alyn unless the acts of the Southern Land complained herein are enjoined.

## COUNT V
### DEFAMATION

50. Plaintiff repeats and realleges each of the allegations contained in paragraph nos. 1 through 49 of this Complaint, as if set forth fully herein.

51. The Ethics Grievance filed by Southern Land published and re-published false, misleading and malicious statements about Ms. Alyn. The Ethics Grievance, and the defamatory statements collected therein, were distributed to the Williamson County Association of Realtors, to Ms. Alyn's broker, SilverPointe Properties, and to others who were not involved in any prior communications between Southern Land and Ms. Alyn.

52. The statements published and re-published in the Ethics Grievance were intended by Southern Land to be statements of fact aimed at injuring the goodwill and reputation of Ms. Alyn.

53. The false statements were made willfully and maliciously in retaliation for Ms. Alyn's refusal to adhere to Southern Land's bogus trademark demands, in retaliation for Ms. Alyn's challenges to Southern Land's bogus trademark registrations and in retaliation for Ms. Alyn's defeat of the UDRP Complaint filed by Southern Land.

54. Southern Land has also acted recklessly and with blatant disregard for the truth by purposefully mischaracterizing, misconstruing, and misrepresenting the nature of Southern Land's exclusive trademark rights. At all times that Southern Land has falsely claimed that is has exclusive rights to use the Westhaven trademarks, and that Ms. Alyn's use constitutes infringement, Southern Land was aware the statements were false.

55. Ms. Alyn has been damaged by Southern Land's defamatory statements, including but not limited to damage to her reputation, business, and goodwill, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. A declaratory judgment that Plaintiff's use of the term "WESTHAVEN" does not infringe any trademark right of Defendant;

2. An order to the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 3,101,151 for the mark "WESTHAVEN" in international class 36 for real estate brokering services on the grounds that that the mark is geographically descriptive and unenforceable with respect to real estate services rendered in Westhaven.

3. An order to the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 3,101,150 for the mark "W WESTHAVEN" and Design in international class 36 for real estate brokering services on the grounds that that the mark is geographically descriptive with respect to real estate services rendered in Westhaven.

4. That Southern Land and its affiliates, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from all acts of false description and representation and all acts of unfair competition.

5. That Southern Land and its affiliates, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be ordered to refrain from interfering with Plaintiff's business relationships or prospective business relationships.

6. That Southern Land's unfair competition be found willful and that increased damages, together with interest and costs, be awarded under the Lanham Act or as otherwise provided by law.

7. That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under the Lanham Act or as otherwise provided by law.

11
24259519 v1
Case 3:15-cv-00596    Document 1    Filed 05/27/15    Page 11 of 12 PageID #: 11

8. That Southern Land be ordered to pay Plaintiff all damages Plaintiff has sustained as result of Southern Land's tortious interference, unfair competition and defamation.

9. That Southern Land be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all sums allowed by law.

10. That Southern Land be ordered to pay to Plaintiff its costs incurred in this action.

11. That Plaintiff has such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATED this 27th day of May, 2015.

        Respectfully submitted,

        /s/ John Paul Nefflen
        Thomas K. Potter, III (TN Bar No. 024857)
        John Paul Nefflen (TN Bar No. 020226)
        BURR & FORMAN LLP
        511 Union Street
        Suite 2300
        Nashville, TN 37219
        Telephone: (615) 724-3219
        Facsimile: (615) 724-3319
        Email: tpotter@burr.com
        Email: jnefflen@burr.com

Gregory D. Latham (to be admitted pro hac vice)
INTELLECTUAL PROPERTY CONSULTING, LLC
201 St. Charles Ave., Suite 2500
New Orleans, Louisiana 70170
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
E-mail: glatham@iplawconsulting.com

        *Attorneys for Lisa Alyn*