**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LISA ALYN,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | **Case No. 3:15-cv-00596** |
| | ) | **Senior Judge William J. Haynes, Jr** |
| **v.** | ) | **Magistrate Judge John S. Bryant** |
| | ) | **JURY DEMAND** |
| | ) | |
| **SOUTHERN LAND COMPANY, LLC** | ) | |
| | ) | |
| **Defendant/Counterclaim Plaintiff.** | ) | |
| | ) | |

**SOUTHERN LAND COMPANY, LLC'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Southern Land Company, LLC ("Southern Land Company" or "Defendant"), through its counsel of record, states as follows for its Second Amended Answer and Counterclaims to the Complaint filed by Plaintiff and Counterclaim Defendant Lisa Alyn ("Plaintiff"):

## ANSWER

Defendant denies each and every allegation, matter, and thing contained in Plaintiff's Complaint and each and every portion thereof, unless herein specifically admitted.

With respect to the individually numbered paragraphs of the Complaint, Southern Land Company answers as follows:

1. Defendant admits that the Complaint purports to allege claims for monetary, injunctive and declaratory relief, but denies that the Complaint states any valid claims. Defendant denies the remaining allegations of ¶ 1 of the Complaint.

2. Defendant admits that Plaintiff resides in the State of Tennessee and that she is a real estate agent. Defendant lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations of ¶ 2 of the Complaint and, therefore, denies the same.

3. Defendant admits the allegations of ¶ 3 of the Complaint.

4. Defendant admits that the Complaint purports to allege claims arising under the Federal Declaratory Judgments Act and the Lanham Act, that the Court has subject matter jurisdiction, and that venue is proper, but Defendant denies that the Complaint states any valid claims. Defendant denies the remaining allegations of ¶ 4 of the Complaint.

5. Defendant admits that Plaintiff is a realtor and that she previously worked for SilverPointe Properties. Defendant admits that Plaintiff currently works for Coldwell Banker Barnes. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶ 5 of the Complaint and, therefore, denies the same.

6. Defendant admits that Plaintiff has worked with real estate buyers and sellers in Franklin, Tennessee. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶ 6 of the Complaint and, therefore, denies the same.

7. Defendant admits that its WESTHAVEN community is located in Franklin, TN, but it denies the remaining allegations of ¶ 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 8 of the Complaint and, therefore, denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 9 of the Complaint and, therefore, denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 10 of the Complaint and, therefore, denies the same.

11. Defendant admits that Plaintiff registered the domain name <westhavenweekly.com> on January 6, 2010. Defendant denies the remaining allegations of ¶ 11

of the Complaint.

12. Defendant admits that Plaintiff obtained the domain name registration for <westhavenfranklin.com> in August 2012 and the domain name <westhavenfranklin.net> in September 2012. Defendant denies that Plaintiff registered the domain names <westhavenfranklin.com> and <westhavenfranklin.net> because those domain names are descriptive of the geographical area which she offers her real estate services. Defendant denies the remaining allegations of ¶ 12 of the Complaint.

13. Defendant denies the allegations of ¶ 13 of the Complaint.

14. Defendant denies the allegations of ¶ 14 of the Complaint.

15. Defendant admits that its principal place of business is located in Franklin, TN, but it denies the remaining allegations of ¶ 15 of the Complaint.

16. Defendant admits that Plaintiff received a cease and desist letter from Southern Land Company on or around October 21, 2013. Defendant admits that what appears to be a copy of the letter is attached to the Complaint as Exhibit 1. Defendant admits that the letter demands that Plaintiff "promptly transfer <westhavenfranklin.com> and <westhavenfranklin.net>" to Southern Land Company. Defendant denies the remaining allegations of ¶ 16 of the Complaint.

17. Defendant denies the allegations of ¶ 17 of the Complaint.

18. Defendant denies the allegations of ¶ 18 of the Complaint.

19. Defendant admits that its October 21, 2013 letter asserts that Southern Land Company owns two federal registrations for the trademarks "WESTHAVEN" and "W WESTHAVEN". Defendant denies the remaining allegations of ¶ 19 of the Complaint.

20. Defendant admits that it obtained U.S. Trademark Registration No. 3,101,151 on June 6, 2006 for the mark "WESTHAVEN" in connection with, among other things, real estate

brokerage services. Defendant admits that it filed its application to register the "WESTHAVEN" mark on June 20, 2003. Defendant admits that the application was assigned Serial No. 76/524,401. Defendant denies the remaining allegations of ¶ 20 of the Complaint.

21. Defendant admits that it obtained U.S. Trademark Registration No. 3,101,151 on June 6, 2006 in connection with, among other things, real estate brokerage services, real estate development, landscape design and gardening. Defendant admits that it filed its application to register the "W WESTHAVEN" mark on June 20, 2003. Defendant admits that the application was assigned Serial No. 76/524,137. Defendant denies the remaining allegations of ¶ 21 of the Complaint.

22. Defendant admits the allegations of ¶ 22 of the Complaint.

23. Defendant admits that the Office Actions state, "[A]pplicant must indicate whether 'WESTHAVEN' has any significance in the relevant trade, or any geographical significance. 37 C.F.R. §2.61(b)." Defendant denies the remaining allegations of ¶ 23 of the Complaint.

24. Defendant admits that its responses to the two Office Actions contain the following true statement: "Applicant submits that 'WESTHAVEN' does not have any significance in the relevant trade, or any geographical significance." Defendant denies the remaining allegations of ¶ 24 of the Complaint.

25. Defendant denies the allegations of ¶ 25 of the Complaint.

26. Defendant denies the allegations of ¶ 26 of the Complaint.

27. Defendant denies the allegations of ¶ 27 of the Complaint.

28. Defendant denies the allegations of ¶ 28 of the Complaint.

29. Defendant admits that Plaintiff commenced cancellation proceedings in the

United States Patent and Trademark Office on February 5, 2014. Defendant denies the remaining allegations of ¶ 29 of the Complaint.

30. Defendant admits that it filed a Complaint pursuant to the ICANN Uniform Domain Name Dispute Resolution Policy on March 11, 2014 seeking an Order that Plaintiff's domain names be transferred to Southern Land Company. Defendant denies the remaining allegations of ¶ 30 of the Complaint.

31. Defendant denies the allegations of ¶ 31 of the Complaint.

32. Defendant denies the allegations of ¶ 32 of the Complaint.

33. Defendant denies the allegations of ¶ 33 of the Complaint.

34. Defendant denies the allegations of ¶ 34 of the Complaint.

35. Defendant denies the allegations of ¶ 35 of the Complaint.

36. Defendant denies the allegations of ¶ 36 of the Complaint.

37. Defendant denies the allegations of ¶ 37 of the Complaint.

38. Defendant denies the allegations of ¶ 38 of the Complaint.

39. Defendant denies the allegations of ¶ 39 of the Complaint.

**COUNT I**
**DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT**
**UNDER 28 U.S.C. §§ 2201 AND 2202 *et seq.***

40. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 39 of this Complaint.

41. Defendant denies the allegations of ¶ 41 of the Complaint.

42. Defendant denies the allegations of ¶ 42 of the Complaint.

43. Defendant denies the allegations of ¶ 43 of the Complaint.

**COUNT II**
**CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**

**UNDER 15 U.S.C. § 10604**

44. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 43 of the Complaint.

45. Defendant denies the allegations of ¶ 45 of the Complaint.

46. Defendant denies the allegations of ¶ 46 of the Complaint.

**COUNT III**
**TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AND RELATIONS UNDER TENNESSEE COMMON**

47. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 46 of the Complaint.

48. Defendant denies the allegations of ¶ 48 of the Complaint.

49. Defendant denies the allegations of ¶ 49 of the Complaint.

50. Defendant denies the allegations of ¶ 50 of the Complaint.

51. Defendant denies the allegations of ¶ 51 of the Complaint.

**COUNT IV**
**UNFAIR COMPETITION UNDER U.S.C. §§ 1051 *et seq.***

52. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 51 of the Complaint.

53. Defendant denies the allegations of ¶ 53 of the Complaint.

54. Defendant denies the allegations of ¶ 54 of the Complaint.

55. Defendant denies the allegations of ¶ 55 of the Complaint.

56. Defendant denies the allegations of ¶ 56 of the Complaint.

57. Defendant denies the allegations of ¶ 57 of the Complaint.

**COUNT V**
**DEFAMATION**

58. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 57 of the Complaint.

59. Defendant denies the allegations of ¶ 59 of the Complaint.

60. Defendant denies the allegations of ¶ 60 of the Complaint.

61. Defendant denies the allegations of ¶ 61 of the Complaint.

62. Defendant denies the allegations of ¶ 62 of the Complaint.

63. Defendant denies the allegations of ¶ 63 of the Complaint.

64. Defendant denies the allegations of ¶ 64 of the Complaint.

65. Defendant denies the allegations of ¶ 65 of the Complaint.

66. The remainder of Plaintiff's Complaint, being merely a prayer for relief, requires no response. To the extent a response is deemed necessary, Southern Land Company denies that Plaintiff is entitled to any relief against it.

67. All allegations contained in Plaintiff's Complaint that are not expressly admitted are hereby expressly denied.

## ADDITIONAL DEFENSES

Southern Land Company asserts the following additional defenses. In so doing, Southern Land Company does not concede that it has the burden of production of proof as to any additional defense asserted below. Furthermore, Southern Land Company does not presently know all the facts sufficient to state all additional defenses. Accordingly, Southern Land Company reserves the right to amend this Answer should it discover facts demonstrating the existence of additional defenses.

1. Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

2. Plaintiff's claim for cancellation of Southern Land Company's incontestable Trademark Registration Nos. 3,101,150 (W WESTHAVEN DESIGN) and 3,101,151 ("WESTHAVEN") is barred to the extent that it seeks to challenge the validity of the registrations based on geographic descriptiveness.

3. Southern Land Company owns Trademark Registration Nos. 3,101,150 (W WESTHAVEN DESIGN) and 3,101,151 ("WESTHAVEN"), and its rights are superior to any rights claimed by Plaintiff. Southern Land Company denies that Plaintiff possesses any rights related to Trademark Registration Nos. 3,101,150 (W WESTHAVEN DESIGN) and 3,101,151 ("WESTHAVEN").

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or unclean hands.

5. Plaintiff's claims are barred because she has failed to exhaust her administrative and other legal remedies.

6. Plaintiff has not sustained any damage as a result of any conduct by Southern Land Company.

7. At all times relevant to this action, Southern Land Company acted in good faith towards Plaintiff and acted in compliance with all applicable state and federal laws.

8. All statements made by Southern Land Company related to this action were true or made based on a reasonable belief in their truthfulness.

9. Plaintiff's claims are barred under the substantial truth doctrine.

10. Plaintiff has failed to mitigate her damages.

11. Plaintiff's claims may be time-barred, in whole or in part, under the applicable statutes of limitations, statutes of repose, or are otherwise untimely.

12. Plaintiff's alleged damages are purely speculative.

13. Plaintiff's claims may be barred, in whole or in part, because she has made statements or taken actions that preclude her from asserting claims or constitute estoppel or a waiver of her claims.

14. Some or all of Plaintiff's claims for damages or relief are barred, in whole or in part, because such damages or relief are not available under applicable law, or exceed relief available under applicable law.

15. Plaintiff's claims for damages may be subject to setoff, offset, or recoupment.

16. Plaintiff's claims for tortious interference, unfair competition and defamation are barred by Plaintiff's agreement as a condition of membership to abide by the REALTORS Code of Ethics and related procedures for resolving ethics complaints.

17. Southern Land Company reserves all additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Trademark Laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery or further factual investigation in this case.

Having fully answered Plaintiff's Complaint, Southern Land Company hereby requests that the Court dismiss Plaintiff's claims with prejudice in their entirety, attach Court and discretionary costs to Plaintiff and grant other and further relief as may be proper.

## COUNTERCLAIMS

For its counterclaims, Southern Land Company alleges as follows:

### THE PARTIES

1. Southern Land Company is a Tennessee limited liability company with its principal place of business at 1550 W. McEwen Drive, Suite 200, Franklin TN 37067-1171.

Southern Land Company is the developer of numerous residential communities across the United States, including the WESTHAVEN community in Franklin, TN.

2. Based on the allegations in the Complaint, Plaintiff resides in the State of Tennessee. She is a real estate agent with Barnes Real Estate Services, Inc. d/b/a Coldwell Banker Barnes.

**JURISDICTION**

3. These counterclaims are for cybersquatting under 15 U.S.C. § 1125(d), for trademark infringement under 15 U.S.C. § 1114(1), for false designation of origin and unfair competition under 15 U.S.C. § 1125(a), for violation of the Tennessee Consumer Protection Act, for imposition of a constructive trust upon illegal profits, and for an accounting.

4. This Court has subject matter jurisdiction over Southern Land Company's claims for trademark infringement and related claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over Southern Land Company's claims arising under the laws of Tennessee pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Southern Land Company's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**VENUE**

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Middle District of Tennessee, (b) Plaintiff may be found in the Middle District of Tennessee, and (c) Plaintiff has a sufficient connection with the Middle District of Tennessee to make venue proper in this district.

**FACTS COMMON TO ALL CLAIMS**

## Southern Land Company's Business

7. Southern Land Company is a leading developer of single family, multifamily, and commercial developments across the United States. Southern Land Company is acclaimed and well known in the United States for the success and desirability of its developments. It has completed more than 22 projects since it was founded in 1986.

8. Southern Land Company coined the term WESTHAVEN as the name for one of its most important developments in Franklin, TN.

9. The term WESTHAVEN refers both to Southern Land Company's services and the place where the services are performed.

## Southern Land Company's Rights in the WESTHAVEN Trademarks

10. Southern Land Company has duly and properly registered a number of trademarks in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

a. W WESTHAVEN DESIGN, U.S. Reg. No. 3,101,150, registered on June 6, 2006 for:

i. Real estate brokerage services; leasing of real estate; real estate management, in International Class 36 (used in interstate commerce since at least as early as January 31, 2002);

ii. Real estate development; land development services, namely, master planning and laying out of residential and/or commercial communities; residential and commercial building construction and construction management services; golf course construction; landscape lighting installation services; installation of landscape irrigation systems, in International Class 37 (used in interstate commerce at least as early as January 31, 2002);

iii. Landscape lighting design; interior decorating; architectural design; architectural drafting services, in International Class 42 (used in interstate commerce at least as early as March 31, 2003);

iv. Landscape gardening design for others; landscape maintenance services, namely, lawn and plant care; landscape installation services, namely, landscape gardening, in International Class 44 (used in interstate commerce at least as early as April 30, 2003).

b. WESTHAVEN, U.S. Reg. No. 3,101,151, registered on June 6, 2006 for:

i. Real estate brokerage services; leasing of real estate; real estate management, in International Class 36 (used in interstate commerce at least as early as January 31, 2002);

ii. Real estate development; land development services, namely, master planning and laying out of residential and/or commercial communities; residential and commercial building construction and construction management services; golf course construction; landscape lighting installation services; installation of landscape irrigation systems, in International Class 37 (used in interstate commerce at least as early as January 31, 2002);

iii. Landscape lighting design; interior decorating; architectural design; architectural drafting services, in International Class 42 (used in interstate commerce at least as early as March 31, 2003);

iv. Landscape gardening design for others; landscape maintenance services, namely, lawn and plant care; landscape installation services, namely, landscape gardening, in International Class 44 (used in interstate commerce at least as early as April 30, 2003).

The trademark registrations above are collectively referred to as the "WESTHAVEN trademarks". True and correct copies of the WESTHAVEN trademarks are attached hereto as Exhibits 1 and 2, and are incorporated by reference.

11. On November 9, 2000, Southern Land Company registered the domain name www.westhaventn.com. This domain name directs customers and potential customers to a website operated by Southern Land Company that provides information about the services provided under the WESTHAVEN trademarks. A true and correct copy of the registry data is attached hereto as Exhibit 3, and is incorporated by reference.

12. Southern Land Company has heavily invested in the advertising and promotion of its services under the WESTHAVEN trademarks.

13. As a result of its extensive marketing efforts and its continuous use of its marks, Southern Land Company has developed substantial rights and goodwill in the WESTHAVEN trademarks and the public has come to associate such trademarks with Southern Land Company as the source of origin of its services.

**Southern Land Company's Incontestable Trademark Registrations**

14. An incontestable trademark registration's validity cannot be challenged based on descriptiveness.

15. Southern Land Company's WESTHAVEN trademarks are incontestable under 15 U.S.C. § 1065.

16. Southern Land Company's WESTHAVEN trademarks are immune to challenge on the grounds that the WESTHAVEN trademarks are geographically descriptive.

17. An incontestable trademark registration's validity can be challenged based on fraud.

18. Fraud in procuring a trademark registration occurs when an applicant knowingly makes false, material representations of fact in connection with its application with intent to deceive the United States Patent and Trademark Office. *In re Bose Corp.*, 580 F.3d 1240, 1245, 91 USPQ2d 1938, 1941 (Fed. Cir. 2009).

19. A party alleging fraud in the procurement of a registration bears the heavy burden of proving fraud with clear and convincing evidence. *Id*., 91 USPQ2d at 1243 (quoting *Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (TTAB 1981)). "There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Smith Int'l*, 209 USPQ at 1044.

20. Fraud will not be found if the evidence shows that a false statement was made with a reasonable and honest belief that it was true, rather than intent to mislead the United States Patent and Trademark Office into issuing a registration to which the applicant was not otherwise entitled. *Bose*, 91 USPQ2d at 1243; *see also Woodstock's Enters. Inc. (Cal.) v. Woodstock's Enters. Inc. (Or.)*, 43 USPQ2d 1440, 1443 (TTAB 1997), *aff'd* (*unpub'd*), Appeal No. 97-1580 (Fed. Cir. Mar. 5, 1998).

21. During the prosecution of the applications that matured into the WESTHAVEN trademarks, the Examining Attorney inquired as to whether WESTHAVEN "has significance in the relevant trade, or any geographical significance." True and correct copies of the Examining Attorney's inquiry is attached hereto as Exhibits 4 and 5, and are incorporated by reference.

22. In response, Southern Land Company truthfully stated that WESTHAVEN "does not have any significance in the relevant trade, or any geographical significance." True and correct copies of Southern Land Company's responses to the Examining Attorney's inquiry is attached hereto as Exhibits 6 and 7, and are incorporated by reference.

23. Even if the term WESTHAVEN has geographical significance, Southern Land Company's statement was not material.

24. Materiality in the trademark prosecution context requires a showing that the registration in question would not have issued had the statement in question not been made. *Modern Fence Techs., Inc. v. Qualipac Home Improvement Corp.*, 726 F. Supp. 2d 975, 991 (E.D. Wis. 2010).

25. According to The Trademark Manual of Examining Procedure, "[t]he mere fact that a term may be the name of a place that has a physical location does not necessarily make that term geographic under §2(e)(2)." A true and correct copy of TMEP § 1210.02(a) is attached hereto as Exhibit 8, and is incorporated by reference.

26. "[N]ames of amusement parks, residential communities, and business complexes which are coined by the applicant, must not be refused. *In re Pebble Beach Co.*, 19 USPQ2d 1687 (TTAB 1991) (17 MILE DRIVE not a geographic term, where it refers to a specific location wholly owned by applicant, and was coined by applicant to refer both to applicant's services and the place where the services were performed)." TMEP § 1210.02(a).

27. Even if Southern Land Company's statement that the term WESTHAVEN did not have geographic significance was both false and material, Southern Land Company did not intend to mislead the United States Patent and Trademark Office. Therefore, there was no fraud in the procurement of the registrations for the WESTHAVEN trademarks.

**Plaintiff's Infringement**

28. Based on the allegations in the Complaint, Plaintiff is a real estate agent.

29. Under trademark law, the junior user of a trademark is obliged to avoid the adoption and use of a trademark that is confusingly similar to a senior user's trademark. Plaintiff

is the junior user.

30. On August 28, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklin.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 9, and is incorporated by reference.

31. On September 15, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklin.net, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenfranklin.net forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 10, and is incorporated by reference.

32. On November 28, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.franklintnwesthaven.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.franklintnwesthaven.com forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 11, and is incorporated by reference.

33. On November 28, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.franklintnwesthaven.net, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.franklintnwesthaven.net forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 12, and is incorporated by reference.

34. On November 14, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.franklinwesthaven.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.franklinwesthaven.com forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 13, and is incorporated by reference.

35. On November 14, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.franklinwesthaven.net, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.franklinwesthaven.net forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 14, and is incorporated by reference.

36. On November 28, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinhomes.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenfranklinhomes.com forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 15, and is incorporated by reference.

37. On November 28, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinhomes.net, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenfranklinhomes.net forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 16, and is incorporated

by reference.

38. On August 24, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklintn.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenfranklintn.com forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 17, and is incorporated by reference.

39. On September 15, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklintn.net, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenfranklintn.net forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 18, and is incorporated by reference.

40. On September 15, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenhomesfranklin.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenhomesfranklin.com forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 19, and is incorporated by reference.

41. On September 15, 2012, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenhomesfranklintn.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhavenhomesfranklintn.com forwards to the domain name

www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 20, and is incorporated by reference.

42. On November 17, 2009, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhaventnhomesforsale.com, which incorporates Southern Land Company's WESTHAVEN trademark. The domain name www.westhaventnhomesforsale.com forwards to the domain name www.westhavenfranklin.com. A true and correct copy of the registry data is attached hereto as Exhibit 21, and is incorporated by reference.

43. On January 6, 2010, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenweekly.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 22, and is incorporated by reference.

44. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.propertymanagementwesthaven.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 23, and is incorporated by reference.

45. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.propertymanagementwesthaven.net, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 24, and is incorporated by reference.

46. On January 10, 2015, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.allthingswesthaven.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of

the registry data is attached hereto as Exhibit 25, and is incorporated by reference.

47. On January 10, 2015, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.allthingswesthaven.net, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 26, and is incorporated by reference.

48. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.rentalswesthaven.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 27, and is incorporated by reference.

49. On November 20, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhaven37064.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 28, and is incorporated by reference.

50. On November 20, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinhomesforsale.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 29, and is incorporated by reference.

51. On November 20, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinproperties.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 30, and is incorporated by reference.

52. On November 20, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinproperties.net, which

incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 31 and is incorporated by reference.

53. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinrentals.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 32, and is incorporated by reference.

54. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenfranklinrentals.net, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 33, and is incorporated by reference.

55. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenpropertymanagement.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 34, and is incorporated by reference.

56. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhavenpropertymanagement.net, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 35, and is incorporated by reference.

57. On November 4, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.west-haventn.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 36, and is incorporated by reference.

58. On November 20, 2013, without the knowledge or permission of Southern Land

Company, Plaintiff registered the domain name www.westhaventnrealestate.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 37, and is incorporated by reference.

59. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhaventnrentals.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 38, and is incorporated by reference.

60. On July 26, 2013, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.westhaventnrentals.net, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 39, and is incorporated by reference.

61. On October 9, 2015, without the knowledge or permission of Southern Land Company, Plaintiff registered the domain name www.west-havenfranklin.com, which incorporates Southern Land Company's WESTHAVEN trademark. A true and correct copy of the registry data is attached hereto as Exhibit 40, and is incorporated by reference.

62. The domain names described above in paragraphs 30 through 61 are collectively referred to as "the Infringing Domains."

63. Upon information and belief, Plaintiff did not seek or conduct a trademark clearance search of U.S. Patent and Trademark Office trademark registrations before registering the Infringing Domains.

64. Plaintiff is not known by the name WESTHAVEN. She does not own any trademark or other rights in the word WESTHAVEN. Plaintiff has not been licensed or otherwise authorized by Southern Land Company to use the WESTHAVEN trademarks.

Nevertheless, Plaintiff is the listed registrant of the Infringing Domains.

65. Plaintiff registered the Infringing Domains long after Southern Land Company's first use of the WESTHAVEN trademarks in 2002 and well after Southern Land Company obtained the two federal trademark registrations it owns in connection with the WESTHAVEN trademarks.

66. On their face, the Infringing Domains are substantially identical, and confusingly similar, to the WESTHAVEN trademarks. Specifically, the Infringing Domains consist entirely of the dominant distinctive component of the WESTHAVEN trademarks, namely, the WESTHAVEN word element.

67. www.westhavenfranklin.com, www.franklintnwesthaven.com, www.franklinwesthaven.com, www.westhavenfranklinhomes.com, www.westhavenfranklintn.com, www.westhavenhomesfranklin.com, www.westhavenhomesfranklintn.com, www.westhaventnhomesforsale.com, www.westhavenweekly.com, www.propertymanagementwesthaven.com, www.allthingswesthaven.com, www.rentalswesthaven.com, www.westhaven37064.com, www.westhavenfranklinhomesforsale.com, www.westhavenfranklinproperties.com, www.westhavenfranklinrentals.com, www.westhavenpropertymanagement.com, www.west-haventn.com, www.westhaventnrealestate.com, www.westhaventnrentals.com, and www.west-havenfranklin.com have .COM top-level domain extensions, which is derived from the word *commercial* and indicates that they are associated with a commercial entity. A true and correct copy of the Wikipedia entry for .com is attached hereto as Exhibit 41, and is incorporated by reference.

68. Consumers associate .COM top-level domains with businesses such as Southern

Land Company. Customers and potential customers searching for information about the services associated with the WESTHAVEN trademarks on the Internet would thus look for, and expect, a website relating to those services to be located at a .COM domain name such as www.westhavenfranklin.com.

69. Presently, a Google search for "WESTHAVEN FRANKLIN" by a customer or potential customer who wishes to obtain information about the services associated with the WESTHAVEN trademarks over the Internet produces search results that displays one of the Infringing Domains on the first page of search results. A true and correct copy of the Google search is attached hereto as Exhibit 42, and is incorporated by reference.

70. A customer or potential customer searching for the services associated with the WESTHAVEN trademarks who visited the Infringing Domains would be led to a website advertising Plaintiff's infringing services. A true and correct copy of Plaintiff's webpage at www.westhavenfranklin.com is attached hereto as Exhibit 43, and is incorporated by reference.

71. Plaintiff has thus used the Infringing Domains to divert Internet users looking for the services associated with the WESTHAVEN trademarks to a website located at the Infringing Domains and through which those users would encounter Plaintiff's infringing services. Therefore, Plaintiff has used the Infringing Domains to attract, for commercial gain, Internet users to her competing website, all as a result of the use of a domain name that is substantially and confusingly identical to Southern Land Company's WESTHAVEN trademarks.

72. In addition to the Infringing Domains, Plaintiff has advertised and promoted competing real estate services under the WESTHAVEN trademarks through print media, direct marketing campaigns, and many other advertising mediums.

73. Plaintiff also advertises and promotes her real estate services under the

WESTHAVEN trademarks through an iPhone app.

**Southern Land Company's Efforts to Resolve Dispute Amicably**

74. By letter dated October 21, 2013, Southern Land Company asked Plaintiff to cease and desist from infringing Southern Land Company's WESTHAVEN trademarks.

75. In response to Southern Land Company's letter, Plaintiff refused to cease and desist from infringing the WESTHAVEN trademarks. She also threatened to file a petition to cancel the WESTHAVEN trademarks.

76. By letter dated December 2, 2013, Southern Land Company reiterated its request that Plaintiff cease and desist from infringing Southern Land Company's WESTHAVEN trademarks. Southern Land Company also offered to make a $500 payment to Plaintiff.

77. Plaintiff did not respond to Southern Land Company's December 2, 2013 letter.

78. Southern Land Company subsequently followed up with Plaintiff several times in early 2014 in an effort to resolve this dispute, but Plaintiff resisted Southern Land Company's efforts.

79. On February 5, 2014, Plaintiff filed a Petition For Cancellation of the WESTHAVEN trademarks.

**The UDRP Complaint Filed by Southern Land Company Against Plaintiff**

80. In light of Plaintiff's infringing conduct and her efforts to trade on Southern Land Company's WESTHAVEN trademarks, Southern Land Company initiated an arbitration proceeding on March 11, 2014 in accordance with the Universal Domain Name Resolution Process ("UDRP") by submitting a Complaint to the National Arbitration Forum ("NAF"). The UDRP is a process established by the Internet Corporation for Assigned Names and Numbers ("ICANN") for the resolution of disputes regarding the registration of domain names. NAF is

one of several organizations selected by ICANN to resolve UDRP complaints.

81. As the registrant of the Infringing Domains, Plaintiff agreed to abide by the UDRP process and related policies, and agreed to submit to the "mandatory administrative proceeding" filed by Southern Land Company with NAF. A true and correct copy of the UDRP Policy is attached hereto as Exhibit 44, and is incorporated by reference.

82. Nevertheless, Plaintiff sought to undermine the UDRP proceeding and have the United States Patent and Trademark Office resolve the dispute involving the Infringing Domains.

83. On or about April 18, 2014, the NAF dismissed Southern Land Company's UDRP complaint without prejudice in light of the cancellation proceeding at the United States Patent and Trademark Office. A true and correct copy of the NAF decision is attached hereto as Exhibit 45, and is incorporated by reference.

**The Cancellation Proceeding Filed by Plaintiff Against Southern Land Company**

84. The Trademark Trial and Appeal Board ("TTAB"), a specialized administrative body composed of Administrative Trademark Judges, hears petitions for cancellation of federal trademark registrations.

85. The TTAB provides inexpensive, expert determinations regarding the validity of federal trademark registrations.

86. Cancellation proceedings enable parties to resolve matters efficiently without having to file expensive lawsuits in Court.

87. Despite the significant evidentiary hurdle facing Plaintiff in the cancellation proceeding, she did not take a single deposition.

88. Plaintiff was also delinquent in complying with her discovery obligations, which necessitated the filing of a Motion to Compel Discovery by Southern Land Company. A true and

correct copy of the Motion to Compel Discovery is attached hereto as Exhibit 46, and is incorporated by reference.

89. On February 4, 2015, the TTAB entered an order requiring Plaintiff to serve upon Southern Land Company supplemental verified responses to Southern Land Company's Interrogatory Nos. 2, 8, and 15, Document Request Nos. 4, 14-21, 24, and 34-35, and Requests for Admission Nos. 21-24 and 34, without objection on the merits. Plaintiff was further ordered to copy and send all responsive documents to Southern Land Company, at her own expense. The deadline to comply with the Order was March 6, 2015. The deadline passed without any action taken by Plaintiff. A true and correct copy of the February 4, 2015 Order is attached hereto as Exhibit 47, and is incorporated by reference.

90. Due to Plaintiff's failure to comply with the TTAB's February 4, 2015 order, Southern Land Company filed a Motion for Discovery Sanctions. A true and correct copy of the Motion for Discovery Sanctions is attached hereto as Exhibit 48, and is incorporated by reference.

91. The TTAB subsequently scheduled a telephone conference to address the issues raised in the Motion for Discovery Sanctions on May 29, 2015.

92. Two days before the telephone conference with the TTAB, Plaintiff initiated this litigation and filed a Motion for Suspension of the cancellation proceeding.

93. Upon information and belief, Plaintiff initiated this litigation to avoid the effects of a ruling on Southern Land Company's Motion for Discovery Sanctions.

94. During the telephone conference with the TTAB, the TTAB granted Plaintiff's Motion for Discovery Sanctions.

95. On June 1, 2015, the TTAB entered an order prohibiting Plaintiff from

introducing at trial or relying upon any answers or documents not produced to Southern Land Company in response to Interrogatory Nos. 2, 8, and 15, Document Request Nos. 4, 14-21, 24, and 34-35. Additionally, Requests for Admission Nos. 21-24 and 34 were deemed admitted. A true and correct copy of the Order Granting Motion for Discovery Sanctions is attached hereto as Exhibit 49, and is incorporated by reference.

96. The TTAB deferred ruling on Plaintiff's Motion for Suspension pending Plaintiff's service of the complaint. The TTAB further reset the remaining discovery, disclosure, and trial dates as follows:

a. Discovery Closes – 6/6/2015

b. Plaintiff's Pretrial Disclosures – 7/21/2015

c. Plaintiff's 30-day Trial Period Ends – 9/4/2015

d. Defendant's Pretrial Disclosures – 9/19/2015

e. Defendant's 30-day Trial Period Ends – 11/3/2015

f. Plaintiff's Rebuttal Disclosures – 11/18/2015

g. Plaintiff's 15-day Rebuttal Period Ends – 12/18/2015

97. Plaintiff notified the TTAB about service of the complaint on June 16, 2015.

98. On June 23, 2015, the TTAB entered an order suspending the cancellation proceeding. A true and correct copy of the Order Suspending the Cancellation Proceeding is attached hereto as Exhibit 50, and is incorporated by reference.

**Harm to Southern Land Company and the General Public**

99. Plaintiff's unauthorized use of the WESTHAVEN trademarks and Infringing Domains is likely to cause confusion, mistake, and deception as to the source or origin of the WESTHAVEN trademarks and Infringing Domains, and is likely to suggest a sponsorship,

connection, license, or association of Plaintiff and the WESTHAVEN trademarks and Infringing Domains with Southern Land Company.

100. Plaintiff's activities have harmed and, if not enjoined, will continue to harm Southern Land Company and the long-used and federally registered WESTHAVEN trademarks.

101. Plaintiff's activities have harmed, and if not enjoined, will continue to harm the general public which has an inherent interest in being free from confusion, mistake and deception.

**First Claim**
**Cybersquatting – 15 U.S.C. § 1125(d)**

102. Southern Land Company repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 101, inclusive.

103. Plaintiff registered and used the Infringing Domains.

104. The WESTHAVEN trademarks were distinctive and registered with the United States Patent and Trademark Office at the time that Plaintiff registered and used the Infringing Domains.

105. The Infringing Domains are substantially similar to the WESTHAVEN trademarks.

106. Plaintiff does not have any intellectual property rights or any other rights in the WESTHAVEN trademarks. And the Infringing Domains do not consist of the legal name of Plaintiff or a name that is otherwise associated with or used in anyway to identify Plaintiff.

107. Plaintiff has registered and/or used the Infringing Domains in bad faith and with a bad faith intent to profit from the goodwill long established by Southern Land Company in the WESTHAVEN trademarks, as evidenced by her use of the Infringing Domains to advertise and promote competing services. Further, by incorporating the WESTHAVEN trademarks into the

Infringing Domains, Plaintiff is diverting internet traffic destined for Southern Land Company's website to the Infringing Domains instead.

108. Plaintiff's bad faith intent to profit from the WESTHAVEN trademarks is also shown by the fact that she resides in the WESTHAVEN community. Upon information and belief, Plaintiff proceeded with actual knowledge of Southern Land Company and the WESTHAVEN trademarks, or she was willfully blind by failing to make such inquiries.

109. Upon information and belief, Plaintiff registered and used the Infringing Domains to divert consumers from the website owned, used and maintained by Southern Land Company in connection with the WESTHAVEN trademarks to a website accessible under the Infringing Domains for Plaintiff's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

110. Plaintiff's registration, use, or trafficking in the Infringing Domains constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Southern Land Company to relief.

111. By reason of Plaintiff's acts alleged herein, Southern Land Company's remedy at law is not adequate to compensate it for the damages and injuries inflicted by Plaintiff, and Southern Land Company is thus entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

112. By reason of Plaintiff's acts alleged herein, Southern Land Company is entitled to recover Plaintiff's profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117(d), in an amount of two hundred thousand dollars ($200,000).

113. This is an exceptional case making Southern Land Company eligible for an award of attorneys' fees under 15 U.S.C. § 1117(a).

**Second Claim**
**Trademark Infringement – 15 U.S.C. § 1114**

114. Southern Land Company repeats and incorporates by reference each and every

allegation set forth in paragraphs 1 through 113, inclusive.

115. Plaintiff's activities constitute infringement of Southern Land Company's federally registered trademarks in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

116. Because Southern Land Company advertises, markets and sells services under the WESTHAVEN trademarks, these trademarks are the means by which Southern Land Company's services are distinguished from the services and related items of others in the same or related fields.

117. Because of Southern Land Company's long, continuous, and exclusive use of these trademarks, they have come to mean, and are understood by customers and the public to signify services of Southern Land Company.

118. The infringing services that Plaintiff has and is continuing to advertise, market and sell are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

119. Further, Plaintiff's activities are likely to lead the public to conclude, incorrectly, that the infringing services that Plaintiff is advertising, marketing and selling originate with or are authorized by Southern Land Company, to the damage and harm of Southern Land Company and the public.

120. Upon information and belief, Plaintiff advertises, markets and sells infringing services with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the infringing services and of trading upon Southern Land Company's business reputation.

121. At a minimum, Plaintiff acted with willful blindness to and in reckless disregard

of Southern Land Company's registered trademarks.

122. As a result of her wrongful conduct, Plaintiff is liable to Southern Land Company for trademark infringement. 15 U.S.C. § 1114(1). Southern Land Company has suffered damages. Southern Land Company is entitled to recover damages, which include any and all profits Plaintiff has made as a result of her wrongful conduct. 15 U.S.C. § 1117(a).

123. In addition, because of Plaintiff's infringement of Southern Land Company's trademarks as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

124. Southern Land Company is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Southern Land Company has no adequate remedy at law for Plaintiff's wrongful conduct because, among other things, (a) Southern Land Company's trademarks are unique and valuable property which have no readily determinable market value, (b) Plaintiff's infringement constitutes harm to Southern Land Company's business reputation and goodwill such that Southern Land could not be made whole by any monetary award, (c) if Plaintiff's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing services, and (d) Plaintiff's wrongful conduct, and the resulting damages to Southern Land Company, is continuing.

125. Southern Land Company is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

**Third Claim**
**False Designation of Origin, False Description and Representation –**
**15 U.S.C. § 1125 et seq.**

126. Southern Land Company repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 125, inclusive.

127. Because Southern Land Company advertises, markets, and sells its services under the WESTHAVEN trademarks, these trademarks are the means by which Southern Land Company's services are distinguished from the services of others in the same field or related fields.

128. Because of Southern Land Company's long, continuous, and exclusive use of these trademarks, they have come to mean, and are understood by customers and the public to signify services of Southern Land Company.

129. Plaintiff's wrongful conduct includes the use of Southern Land Company's WESTHAVEN trademarks and the Infringing Domains to advertise and promote Plaintiff's services.

130. Upon information and belief, Plaintiff engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the services advertised, marketed, offered or sold in connection with Southern Land Company's WESTHAVEN trademarks and of trading upon Southern Land Company's goodwill and business reputation. Plaintiff's conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the Infringing Domains originate from or are authorized from Southern Land Company, all in violation of § 43(a) of the Lanham Trademark Act, set forth in 15 U.S.C. § 1125(a).

131. By reason of Plaintiff's activities, Southern Land Company has suffered damage to its reputation and the goodwill established by Southern Land Company in, and associated with, the WESTHAVEN trademarks. If not enjoined, Plaintiff's activities will continue to harm Southern Land Company and its long-used and federally registered WESTHAVEN trademarks.

132. Plaintiff's activities have harmed, and if not enjoined, will continue to harm, the

general public which has an interest in being free from confusion, mistake and deception.

133. By reason of Plaintiff's acts alleged herein, Southern Land Company's remedy at law is not adequate to compensate it for the injuries inflicted by Plaintiff and, accordingly, Southern Land Company is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

134. By reason of Plaintiff's acts alleged herein, Southern Land Company is entitled to recovery from Plaintiff of all amounts it is entitled to under 15 U.S.C. § 1117(a), including without limitation treble damages.

135. This is an exceptional case making Southern Land Company eligible for an award of attorneys' fees under 15 U.S.C. § 1117(a).

**Fourth Claim**
**Violation of Tennessee Consumer Protection Act – Tenn. Code Ann. § 47-18-101, et seq.**

136. Southern Land Company realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 135, inclusive.

137. The acts and conduct of Plaintiff as alleged above constitute unfair and/or deceptive practices pursuant to Tenn. Code Ann. § 47-18-101, et seq.

138. Plaintiff's conduct as alleged above has resulted in damages and losses to Southern Land Company and an illicit gain of profit to Plaintiff in an amount that is unknown at the present time. Southern Land Company's damages, including Plaintiff's illicit profits, should be trebled pursuant to Tenn. Code Ann. § 47-18-109(a)(1), (3) because Plaintiff's unfair practices can be considered willful for purposes of the statute. In addition, the Court may award such other relief as is necessary and proper.

139. Southern Land Company is also entitled to recover its attorneys' fees and costs of suit pursuant to Tenn. Code Ann. § 47-18-109(e).

**Fifth Claim**

**For Imposition Of A Constructive Trust Upon Illegal Profits**

140. Southern Land Company repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 139, inclusive.

141. Plaintiff's conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing services as services approved or authorized by Southern Land Company.

142. By virtue of Plaintiff's wrongful conduct, Plaintiff has illegally received money and profits that rightfully belong to Southern Land Company.

143. Upon information and belief, Plaintiff holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

144. Plaintiff holds the money and profits they have illegally received as constructive trustees for the benefit of Southern Land Company.

**Sixth Claim**
**Accounting**

145. Southern Land Company repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 144, inclusive.

146. Southern Land Company is entitled pursuant to 15 U.S.C. § 1117 to recover any and all profits of Plaintiff that are attributable to her acts of infringement.

147. Southern Land Company is entitled pursuant to 15 U.S.C. § 1117 to actual damages or statutory damages sustained by virtue of Plaintiff's acts of infringement.

148. The amount of money due from Plaintiff to Southern Land Company is unknown to Southern Land Company and cannot be ascertained without a detailed accounting by Plaintiff of the precise amount of infringing services advertised, marketed, offered or sold by Plaintiff.

**Seventh Claim**
**Common Law Trademark Infringement**

149. Southern Land Company repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 148, inclusive.

150. Plaintiff's use of the WESTHAVEN trademark without the consent of Southern Land Company is likely to confuse and deceive the public into believing that Plaintiff and her services are associated with Southern Land Company, or are sponsored or endorsed by or affiliated with Southern Land Company.

151. Plaintiff's activities described above constitute trademark infringement of Southern Land Company's trademark rights in violation of the common law.

152. Plaintiff's acts were done knowingly, with actual notice of Southern Land Company's trademark rights.

153. At all relevant times, Plaintiff knew, should have known, or had reason to know that the term WESTHAVEN refers both to Southern Land Company's services and the place where the services are performed.

154. As a direct and proximate result of Plaintiff's willful and deliberate conduct, Southern Land Company has suffered, and will continue to suffer, substantial injury, and loss of goodwill.

155. Southern Land Company has been irreparably harmed, and if Plaintiff is permitted to continue her willful and deliberate acts of infringement, Southern Land Company will continue to be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Southern Land Company respectfully requests judgment as follows:

1) That the Court enter a judgment that Plaintiff has violated the rights of Southern

Land Company in the WESTHAVEN trademarks in violation of 15 U.S.C. § 1125(d) and the common law;

2) That the Court order Plaintiff to transfer the Infringing Domains to Southern Land Company;

3) That the Court enter a judgment against Plaintiff as indicated below:

a. that Plaintiff has willfully infringed Southern Land Company's rights in the following federally registered trademarks in violation of 15 U.S.C. § 1114:

i. 3,101,150 (W WESTHAVEN DESIGN); and

ii. 3,101,151 ("WESTHAVEN");

b. that Plaintiff has committed and is committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Southern Land Company in violation of 15 U.S.C. § 1125(a);

c. that Plaintiff has violated Tenn. Code Ann. § 47-18-101, et seq.; and

d. that Plaintiff has otherwise injured the business reputation and business of Southern Land Company by the acts and conduct set forth in these counterclaims.

4) That the Court issue injunctive relief against Plaintiff, and that Plaintiff, her broker, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with Southern Land Company, be enjoined and restrained from:

a. imitating, copying, or making any other infringing use of Southern Land Company's registered trademarks, including, but not limited to, the following Trademark Registration Nos.:

i. 3,101,150 (W WESTHAVEN DESIGN); and

ii. 3,101,151 ("WESTHAVEN");

and any other items or works now or hereafter protected by any Southern Land Company trademark;

b. selling, offering for sale, advertising, or promoting any service bearing any simulation, reproduction, copy, or colorable imitation of any of Southern Land Company's registered trademarks, including, but not limited to, the Trademark Registration Numbers listed in Section 4)a above;

c. using any simulation, reproduction, copy, or colorable imitation of Southern Land Company's registered trademarks including, but not limited to the Trademark Registration Numbers listed in Section 4)a above, in connection with sale, offering for sale, advertisement, or promotion of any services not authorized or licensed by Southern Land Company;

d. using any false designation of origin or false or misleading description of false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any services have been sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Southern Land Company, when such is not true in fact;

e. engaging in any other activity constituting an infringement of any of Southern Land Company's trademarks, or of Southern Land Company's rights in, or right to use or to exploit, these trademarks;

f. registering or using, in any manner, any internet domain name that incorporates, in whole or in part, any of the WESTHAVEN trademarks or any name, mark or designation confusingly similar thereto; and

g. assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs a) through f) above.

5) That the Court enter an order declaring that Plaintiff hold in trust, as constructive trustee for the benefit of Southern Land Company, her illegal profits obtained from her infringement, and requiring Plaintiff to provide Southern Land Company a full and complete accounting of all amounts due and owing to Southern Land Company as a result of Plaintiff's illegal activities.

6) That the Court order Plaintiff to pay Southern Land Company's general, special, actual, and statutory damages as follows:

a. Southern Land Company's damages and Plaintiff's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b);

b. Statutory damages pursuant to 15 U.S.C. § 1117(d) for each domain name; and

c. Southern Land Company's damages and profits pursuant to Tenn. Code Ann. § 47-18-101, et seq.

7) That the Court order Plaintiff to pay to Southern Land Company both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

8) That the Court grant to Southern Land Company such other and additional relief as is just and proper.

Respectfully submitted,

s/Randy Michels
Randy Michels (BPR # 21604)
Bill Ferrell (BPR # 27220)
Kevin Hartley (BPR # 29199)
TRUST TREE LEGAL, P.C.
1321 Adams Street
Nashville, TN 37208
Telephone: (615) 852-8408
Email: randy@trust-tree.com
Email: bill@trust-tree.com
Email: kevin@trust-tree.com

Counsel for Defendant/Counterclaim Plaintiff
SOUTHERN LAND COMPANY, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 18, 2015, a true and exact copy of the foregoing has been served via the Electronic Case Filing System of the United States District Court for the Middle District of Tennessee, which will automatically send email notification of such filing to the following attorneys of record:

Thomas K. Potter, III (BPR # 024857)
John Paul Nefflen (BPR # 020226)
BURR & FORMAN LLP
511 Union Street
Suite 2300
Nashville, TN 37219
Telephone: (615) 724-3219
Email: tpotter@burr.com
Email: jnefflen@burr.com

Gregory D. Latham
INTELLECTUAL PROPERTY CONSULTING, LLC
201 St. Charles Ave., Suite 2500
New Orleans, LA 70170
Telephone: (504) 322-7166
Email: glatham@iplawconsulting.com

s/Randy Michels
Counsel for Southern Land Company