UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF TENNESSEE

| | |
|---|---|
| LISA ALYN,<br><br>Plaintiff/Counterclaim Defendant<br><br>v.<br><br>SOUTHERN LAND COMPANY, LLC<br><br>Defendant/Counterclaim Plaintiff | CIVIL ACTION NO. 3:15-cv-00596<br><br>SENIOR JUDGE WILLIAM J. HAYNES, JR.<br><br>MAGISTRATE JUDGE JOHN S. BRYANT |

**LISA ALYN'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS**

Counter-Defendant Lisa Alyn ("Ms. Alyn") submits the following Answer and Affirmative Defenses to the Second Amended Counterclaims filed by Counter-Plaintiff Southern Land Company, LLC ("Southern Land" or "Counter-Plaintiff") and dated December 18, 2015. To the extent that any allegations made in the Counter-Plaintiff's Counterclaims are not contained in a numbered paragraph, such allegations are denied.

1. Ms. Alyn admits that Southern Land is a Tennessee limited liability company with its principal place of business at 1550 W. McEwen Drive, Suite 200, Franklin, TN 37067-1171. Ms. Alyn lacks the information and belief sufficient to admit or deny the remaining allegations in paragraph 1 and on that basis denies them.

2. Ms. Alyn admits that she resides in the state of Tennessee and is a real estate agent with Barnes Real Estate Services, Inc. d/b/a Coldwell Banker Barnes.

3. Ms. Alyn admits the allegations in made paragraph 3.

4. Ms. Alyn admits the allegations made in paragraph 4.

5. Ms. Alyn admits the allegations made in paragraph 5.

6. Ms. Alyn admits that venue is proper because Ms. Alyn may be found in the Middle District of Tennessee and Plaintiff has a sufficient connection with the Middle District of Tennessee to make venue proper in this district. Ms. Alyn denies the remaining allegations in paragraph 6.

7. Ms. Alyn lacks the information and belief sufficient to admit or deny the allegations contained in paragraph 7 and on that basis denies it.

8. Ms. Alyn denies the allegations made in paragraph 8.

9. Ms. Alyn denies that that the term WESTHAVEN refers to Southern Land's services. Ms. Alyn admits that the term WESTHAVEN refers to a place where Southern Land performs services. Ms. Alyn denies that the trademarks described in paragraph 10 a (i-iv) and b (i-iv) were duly and properly registered. In fact, U.S. Trademark Registration Nos. 3,101,150 and 3,101,151 were procured by Southern Land through fraud. Further responding, Ms. Alyn asserts that since Southern Land's use of the term WESTHAVEN is limited to Franklin, Tennessee, it has not been used in interstate commerce and the federal trademark registrations are *void ab initio.*

10. Ms. Alyn admits that Southern Land currently owns the U.S. Trademark Registrations listed and described in paragraph 10 a (i-iv) and b (i-iv). Exhibits 1 and 2 are exhibits that speak for themselves and no response in required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 10.

11. Ms. Alyn lacks the information and belief sufficient to admit or deny the allegations contained in paragraph 11 and on that basis denies it.

12. Ms. Alyn lacks the information and belief sufficient to admit or deny the allegations contained in paragraph 12 and on that basis denies it.

13. Ms. Alyn denies the allegations made in paragraph 13.

14. Paragraph 14 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 14.

15. Paragraph 15 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 15.

16. Ms. Alyn denies the allegations made in paragraph 16.

17. Ms. Alyn admits the allegations made in paragraph 17.

18. Paragraph 18 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 18.

19. Paragraph 19 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 19.

20. Paragraph 20 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 20.

21. Ms. Alyn admits that during the prosecution of the applications that matured into the WESTHAVEN trademarks, the Examining Attorney inquired as to whether WESTHAVEN "has significance in the relevant trade, or any geographical significance." Exhibits 4 and 5 are documents that speak for themselves and no response is required. However, to the extent a response is required; Ms. Alyn denies the remaining allegations of paragraph 21.

22. Ms. Alyn denies that in response, Southern Land truthfully stated that WESTHAVEN "does not have any significance in the relevant trade, or any geographical significance." Exhibits 6 and 7 are documents that speak for themselves and no response is required. However, to the extent a response is required; Ms. Alyn denies the remaining allegations of paragraph 22. Further responding, Ms. Alyn asserts that Southern Land

knowingly, with intent to mislead the USPTO, provided a false response to the Examining Attorney's inquiry regarding the geographical descriptive nature of the WESTHAVEN designation.

23. Ms. Alyn denies the allegations made in paragraph 23.

24. Paragraph 24 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 24.

25. Paragraph 25 states a legal conclusion, therefore no response is required. Exhibit 8 is a document that speaks for itself and no response is required. However, to the extent a response is required; Ms. Alyn denies the remaining allegations of paragraph 25.

26. Paragraph 26 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the remaining allegations of paragraph 26.

27. Ms. Alyn denies the allegations made in paragraph 27.

28. Ms. Alyn admits the allegations in made paragraph 28.

29. Paragraph 29 states a legal conclusion, therefore no response is required. However, to the extent a response is required; Ms. Alyn denies the allegations of paragraph 29.

30. Ms. Alyn admits that on or about August 28, 2012, Ms. Alyn registered the domain name www.westhavenfranklin.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 30. Exhibit 9 is a document that speaks for itself and no response is required. However, to the extent a response is required; Ms. Alyn denies the remaining allegations of paragraph 30.

31. Ms. Alyn admits that on or about September 15, 2012, Ms. Alyn registered the domain name www.westhavenfranklin.net. Ms. Alyn denies the remaining allegations in the first

sentence of paragraph 31. Ms. Alyn admits that the domain name www.westhavenfranklin.net forwards the user to the domain name www.westhavenfranklin.com. Exhibit 10 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 31.

32. Ms. Alyn admits that on or about November 28, 2012, Ms. Alyn registered the domain name www.franklintnwesthaven.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 32. Ms. Alyn admits that the domain name www.franklintnwesthaven.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 11 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 32.

33. Ms. Alyn admits that on or about November 28, 2012, Ms. Alyn registered the domain name www.franklintnwesthaven.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 33. Ms. Alyn admits that the domain name www.franklintnwesthaven.net forwards the user to the domain name www.westhavenfranklin.com. Exhibit 12 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 33.

34. Ms. Alyn admits that on or about November 14, 2012, Ms. Alyn registered the domain name www.franklinwesthaven.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 34. Ms. Alyn admits that the domain name www.franklinwesthaven.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 13 is a document that speaks for itself and no response is

required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 34.

35. Ms. Alyn admits that on or about November 14, 2012, Ms. Alyn registered the domain name www.franklinwesthaven.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 35. Ms. Alyn admits that the domain name www.franklinwesthaven.net forwards the user to the domain name www.westhavenfranklin.com. Exhibit 14 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 35.

36. Ms. Alyn admits that on or about November 28, 2012, Ms. Alyn registered the domain name www.westhavenfranklinhomes.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 36. Ms. Alyn admits that the domain name www.westhavenfranklinhomes.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 15 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 36.

37. Ms. Alyn admits that on or about November 28, 2012, Ms. Alyn registered the domain name www.westhavenfranklinhomes.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 37. Ms. Alyn admits that the domain name www.westhavenfranklinhomes.net forwards the user to the domain name www.westhavenfranklin.com. Exhibit 16 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 37.

38. Ms. Alyn admits that on or about August 24, 2012, Ms. Alyn registered the domain name www.westhavenfranklintn.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 38. Ms. Alyn admits that the domain name www.westhavenfranklintn.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 17 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 38.

39. Ms. Alyn admits that on or about September 15, 2012, Ms. Alyn registered the domain name www.westhavenfranklintn.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 39. Ms. Alyn admits that the domain name www.westhavenfranklintn.net forwards the user to the domain name www.westhavenfranklin.com. Exhibit 18 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 39.

40. Ms. Alyn admits that on or about September 15, 2012, Ms. Alyn registered the domain name www.westhavenhomesfranklin.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 40. Ms. Alyn admits that the domain name www.westhavenhomesfranklin.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 19 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 40.

41. Ms. Alyn admits that on or about September 15, 2012, Ms. Alyn registered the domain name www.westhavenhomesfranklintn.com. Ms. Alyn denies the remaining allegations

in the first sentence of paragraph 41. Ms. Alyn admits that the domain name www.westhavenhomesfranklintn.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 20 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 41.

42. Ms. Alyn admits that on or about November 17, 2009, Ms. Alyn registered the domain name www.westhaventnhomesforsale.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 42. Ms. Alyn admits that the domain name www.westhaventnhomesforsale.com forwards the user to the domain name www.westhavenfranklin.com. Exhibit 21 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 42.

43. Ms. Alyn admits that on or about January 6, 2010, Ms. Alyn registered the domain name www.westhavenweekly.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 43. Exhibit 22 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 43.

44. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.propertymanagementwesthaven.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 44. Exhibit 23 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 44.

45. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.propertymanagementwesthaven.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 45. Exhibit 24 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 45.

46. Ms. Alyn admits that on or about January 10, 2015, Ms. Alyn registered the domain name www.allthingswesthaven.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 46. Exhibit 25 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 46.

47. Ms. Alyn admits that on or about January 10, 2015, Ms. Alyn registered the domain name www.allthingswesthaven.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 47. Exhibit 26 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 47.

48. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.rentalswesthaven.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 48. Exhibit 27 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 48.

49. Ms. Alyn admits that on or about November 20, 2013, Ms. Alyn registered the domain name www.westhaven37064.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 49. Exhibit 28 is a document that speaks for itself and no response is

required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 49.

50. Ms. Alyn admits that on or about November 20, 2013, Ms. Alyn registered the domain name www.westhavenfranklinhomesforsale.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 50. Exhibit 29 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 50.

51. Ms. Alyn admits that on or about November 20, 2013, Ms. Alyn registered the domain name www.westhavenfranklinproperties.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 51. Exhibit 30 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 51.

52. Ms. Alyn admits that on or about November 20, 2013, Ms. Alyn registered the domain name www.westhavenfranklinproperties.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 52. Exhibit 31 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 52.

53. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.westhavenfranklinrentals.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 53. Exhibit 32 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 53.

54. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.westhavenfranklinrentals.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 54. Exhibit 33 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 54.

55. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.westhavenpropertymanagement.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 55. Exhibit 34 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 55.

56. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.westhavenpropertymanagement.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 56. Exhibit 35 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 56.

57. Ms. Alyn admits that on or about November 4, 2013, Ms. Alyn registered the domain name www.west-haventn.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 57. Exhibit 36 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 57.

58. Ms. Alyn admits that on or about November 20, 2013, Ms. Alyn registered the domain name www.westhaventnrealestate.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 58. Exhibit 37 is a document that speaks for itself and no response is

required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 58.

59. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.westhaventnrentals.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 59. Exhibit 38 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 59.

60. Ms. Alyn admits that on or about July 26, 2013, Ms. Alyn registered the domain name www.westhaventnrentals.net. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 60. Exhibit 39 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 60.

61. Ms. Alyn admits that on or about October 9, 2015, Ms. Alyn registered the domain name www.west-havenfranklin.com. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 61. Exhibit 40 is a document that speaks for itself and no response is required. However, to the extent a response is required, Ms. Alyn denies the remaining allegations of paragraph 61.

62. Ms. Alyn denies the allegations made in paragraph 62.

63. Ms. Alyn admits the allegations made in paragraph 63. Ms. Alyn denies the implication or assertion formed by paragraph 63 that she was required to conduct a trademark clearance search of the U.S. Patent and Trademark Office trademark registrations before registering her domain names. WESTHAVEN is geographically descriptive for real estate services, and, therefore, no trademark rights can exist and there was no reason for Ms. Alyn to

conduct a trademark search. Furthermore, Southern Land has not used the term WESTHAVEN in interstate commerce, and therefore, its federal trademark registrations are void *ab initio.* Ms. Alyn further denies that her domain names are "Infringing Domains."

64. Ms. Alyn denies the first three sentences of paragraph 64, except to admit that Ms. Alyn does not own any valid trademark registrations for the term WESTHAVEN. Ms. Alyn further denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. The term WESTHAVEN is geographically descriptive for real estate services, and, therefore, no trademark rights can exist for either Ms. Alyn or Southern Land. Furthermore, Southern Land has not used the term WESTHAVEN in interstate commerce, and therefore, its federal trademark registrations are void *ab initio.* Ms. Alyn admits that she is the listed registrant of the domain names described in paragraphs 30 to 61 above.

65. Ms. Alyn denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. Ms. Alyn further denies that Southern Land uses the term WESTHAVEN as a trademark; the term is merely geographically descriptive and Southern Land's use merely describes the place where Southern Land provides services. Furthermore, Southern Land's use of the WESTHAVEN term is limited to a geographical area within Tennessee. Southern Land's marks have not been used in interstate commerce, and therefore, its federal trademark registrations are void *ab initio.* Ms. Alyn admits that that she registered the domain names described in paragraphs 30 to 61 according to the dates specified therein.

66. Ms. Alyn denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. Ms. Alyn denies that there is any "distinctive component" of the mark WESTHAVEN because WESTHAVEN is merely descriptive. Ms. Alyn admits that the domain

names that she registered contain WESTHAVEN as a word element. Ms. Alyn denies the remaining allegations in paragraph 66.

67. Ms. Alyn admits that the domain names listed in paragraph 67 have a .COM top-level domain extension. Ms. Alyn lacks the information and belief sufficient to admit or deny the remaining allegations in the first sentence of paragraph 67 and on that basis denies them. Exhibit 41 is a document that speaks for itself and no response is required. However, to the extent that a response is required; Ms. Alyn denies the remaining allegations in paragraph 67.

68. Ms. Alyn lacks the information and belief sufficient to admit or deny the allegations in paragraph 68 and on that basis denies them.

69. Ms. Alyn denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. Ms. Alyn further denies that her domain names are "Infringing Domains." Ms. Alyn lacks the information and belief sufficient to admit or deny the remaining allegations in the first sentence of paragraph 69 and on that basis denies them. Exhibit 42 is a document that speaks for itself and no response is required. However, to the extent that a response is required; Ms. Alyn denies the remaining allegations in paragraph 69.

70. Ms. Alyn denies that Southern Land owns any valid trademark registration for the term WESTHAVEN. Ms. Alyn lacks the information and belief sufficient to admit or deny the remaining allegations in the first sentence of paragraph 70 and on that basis denies them. Exhibit 43 is a document that speaks for itself and no response is required. However, to the extent that a response is required; Ms. Alyn denies the remaining allegations in paragraph 70.

71. Ms. Alyn denies the allegations made in paragraph 71.

72. Ms. Alyn denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. Ms. Alyn further denies that her domain names are "Infringing

Domains." Ms. Alyn admits using the WESTHAVEN designation in print media, direct marketing campaigns, and other advertising mediums to identify the location where her services are provided.

73. Ms. Alyn denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. Ms. Alyn admits using the WESTHAVEN designation in advertisements and promotions to identify the location where her services are provided through an iPhone app.

74. Ms. Alyn admits that she received a letter dated October 21, 2013 demanding that Ms. Alyn cease and desist from using the mark WESTHAVEN. Ms. Alyn denies the remaining allegations in paragraph 74.

75. Ms. Alyn admits that she refused to cease and desist from using the mark WESTHAVEN. Ms. Alyn admits that she threatened to file a petition to cancel the WESTHAVEN trademarks.

76. Ms. Alyn admits that she received a letter dated December 2, 2013 demanding that Ms. Alyn cease and desist from using the mark WESTHAVEN. Ms. Alyn admits that Southern Land offered to pay Ms. Alyn $500 for her domain name registrations.

77. Ms. Alyn denies that she did not respond to the later dated December 2, 2013.

78. Ms. Alyn admits that she and Southern Land were not able to resolve this dispute.

79. Ms. Alyn admits that she filed a Petition for Cancellation of the WESTHAVEN trademarks on February 5, 2014.

80. Ms. Alyn denies any infringing conduct and Ms. Alyn denies that Southern Land owns any valid trademark registrations for the term WESTHAVEN. Ms. Alyn admits that Southern Land initiated an arbitration proceeding on March 11, 2014 in accordance with the

Universal Domain Name Resolution Process ("UDRP") by submitting a Complaint to the National Arbitration Forum ("NAF"). Ms. Alyn denies the remaining allegations in the first sentence of paragraph 79. Ms. Alyn admits the allegations in the last two sentences of paragraph 80.

81. Ms. Alyn denies that her domain names are "Infringing Domains." Ms. Alyn admits that she agreed to abide by the UDRP process and related policies, and agreed to submit to the "mandatory administrative proceeding" filed by Southern Land Company with NAF. Ms. Alyn denies the remaining allegations in the first sentence of paragraph 81. Exhibit 44 is a document that speaks for itself and no response is required. However, to the extent that a response is required; Ms. Alyn denies the remaining allegations in paragraph 81.

82. Ms. Alyn denies the allegations made in paragraph 82. Further responding, during the UDRP proceeding, Southern Land continued its practice of fraudulent conduct for the purpose of wrongfully asserting its bogus trademarks. A party initiating a UDRP proceeding is required to identify the existence of any related filed and pending proceedings at the USPTO or in U.S. federal court. Southern Land purposely failed to do that. The NAF issued the following in its opinion: "Despite the fact that these proceedings to cancel Complainant's Registered Trademarks were filed and pending, Complainant did not identify the existence of these proceedings in its original Complaint. In fact, Complainant stated in its original complaint that there were no other legal proceedings that have been commenced or terminated in connection with or relating to the domain names that are the subject of the complaint. In its original Complaint, Complainant based its claim or rights and legitimate interests in the domain name on its registration of the trademark which is the subject of this case. The Rules, ¶ 3 (b)(xi) provide that Complainant must identify in its Complaint any other legal proceedings that have been

commenced or terminated in connection with or relating to any of the domain names that are the subject of the complaint. Certainly, if Respondent prevails in its efforts to cancel Complainant's trademark registration, that would be relevant in this proceeding. *The fact that Complainant omitted to identify the existence of the proceedings in relation to the validity of Complainant's trademark rights, is questionable*." (emphasis added).

83. Ms. Alyn admits that on or about April 18, 2014, the NAF dismissed Southern Land's UDRP complaint in light of the cancellation proceeding at the United States Patent Trademark Office. Further responding, as discussed in paragraph 82, the NAF opined that the UDRP proceeding should not have been filed by Southern Land and, if Ms. Alyn prevails, she is entitled to the domain names. Exhibit 45 is a document that speaks for itself and no response is required. However, to the extent that a response is required; Ms. Alyn denies the remaining allegations in paragraph 83.

84. Ms. Alyn admits the allegations made in paragraph 84.

85. Ms. Alyn lacks the information and belief sufficient to admit or deny the allegations in paragraph 85 and on that basis denies them.

86. Ms. Alyn acknowledges that in certain situations, cancellation proceedings enable parties to resolve matters efficiently without having to file expensive lawsuits in Court. Ms. Alyn denies that this was one of those situations. In fact, Southern Land Company refused to participate in expedited proceedings, took several steps to delay the cancellation proceedings and intentionally caused the excessive fees associated with the proceeding. Despite efforts by Ms. Alyn to reach an efficient resolution of the legal issues, Southern Land's tactics frustrated and delayed the proceeding.

87. Ms. Alyn denies the implication in paragraph 87 that she did not attempt to take depositions in the cancellation proceeding. In fact, Ms. Alyn repeatedly requested that Southern Land Company make itself available for depositions and, despite assurances from Southern Land Company's counsel that the appropriate witnesses would be made available, Southern Land Company ultimately refused to participate in depositions.

88. Ms. Alyn denies that she was delinquent in complying with discovery obligations. Ms. Alyn admits that Southern Land filed a motion to compel discovery in the TTAB proceeding; in its motion to compel, Southern Land sought discovery of documents and information that were entirely irrelevant to the cancellation proceedings. Southern Land Company's motion to compel was merely a pretext to further delay and increase litigation costs. Exhibit 46 is a document that speaks for itself and no response is required. However, to the extent that a response is required, Ms. Alyn denies the remaining allegations in paragraph 88.

89. The February 4, 2015 Order attached as Exhibit 47 speaks for itself and Ms. Alyn need not respond to the allegations of paragraph 89 which merely paraphrases the Order.

90. Ms. Alyn admits that Southern Land filed a motion for discovery sanctions in the TTAB proceeding referred to in paragraph 90. Exhibit 48 is a document that speaks for itself and no response is required. However, to the extent that a response is required, Ms. Alyn denies the remaining allegations in paragraph 90.

91. Ms. Alyn admits the TTAB scheduled a telephone conference on May 29, 2015. Ms. Alyn denies the remaining allegations in paragraph 91. Ms. Alyn further responds that weeks prior to the scheduling of the TTAB telephone conference, Ms. Alyn had determined that it was necessary to file the present lawsuit. Ms. Alyn instructed her counsel to begin drafting the necessary materials to initiate this lawsuit and suspend the cancellation proceedings.

92. Ms. Alyn admits initiating this litigation on May 27, 2015. Ms. Alyn admits filing a motion for suspension of the TTAB cancellation proceeding on May 27, 2015. Ms. Alyn denies the remaining allegations in paragraph 92.

93. Ms. Alyn denies the allegations made in paragraph 93. Ms. Alyn further responds that she initiated this litigation for two primary reasons. First, Southern Land had successfully frustrated the cancellation proceedings causing repeated delays and increased expenses. Second, in the months leading up to the filing of this litigation, Southern Land began aggressively targeting Ms. Alyn with defamatory, tortious, and unfair conduct. Because of the limited nature of the cancellation proceedings, Ms. Alyn was required to assert those claims against Southern Land in this Court.

94. Ms. Alyn denies the implications made by paragraph 94. Prior to the telephone conference, Ms. Alyn had initiated this proceeding and filed a motion to suspend the cancellation proceedings. The May 29, 2015 telephone conference was a mere formality with no practical consequences given that the issues regarding Southern Land's fraudulently-acquired trademarks had effectively been transferred to this Court. Ms. Alyn admits that Southern Land's motion for discovery sanctions was granted, but it was a motion that Ms. Alyn had not opposed because the procedural posture at the TTAB was no longer meaningful.

95. Ms. Alyn admits that the TTAB entered an order on June 1, 2015, and further responds that the Order speaks for itself. Ms. Alyn further responds that prior to the Order the TTAB had already made the decision to suspend its proceedings in deference to these proceedings and the issuance of the Order was a mere formality. To the extent that the allegations of paragraph 95 imply that the TTAB's June 1, 2015 Order has any effect on the proceedings before this Court, Ms. Alyn denies those allegations. Exhibit 49 is a document that

speaks for itself and no response is required. However, to the extent that a response is required, Ms. Alyn denies the remaining allegations in paragraph 95.

96. Ms. Alyn admits the allegations made in paragraph 96.

97. Ms. Alyn admits the allegations made in paragraph 97.

98. Ms. Alyn admits the allegations in the first sentence of paragraph 98. Exhibit 50 is a document that speaks for itself and no response is required. However, to the extent that a response is required, Ms. Alyn denies the remaining allegations in paragraph 98.

99. Ms. Alyn denies the allegations made in paragraph 99.

100. Ms. Alyn denies the allegations made in paragraph 100.

101. Ms. Alyn denies the allegations made in paragraph 101.

## First Claim
## Cybersquatting – 15 U.S.C. § 1125(d)

102. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 101.

103. Ms. Alyn denies the allegations made in paragraph 103.

104. Ms. Alyn denies the allegations made in paragraph 104.

105. Ms. Alyn denies the allegations made in paragraph 105.

106. Ms. Alyn denies the allegations made in paragraph 106.

107. Ms. Alyn denies the allegations made in paragraph 107.

108. Ms. Alyn denies the allegations made in paragraph 108.

109. Ms. Alyn denies the allegations made in paragraph 109.

110. Ms. Alyn denies the allegations made in paragraph 110.

111. Ms. Alyn denies the allegations made in paragraph 111.

112. Ms. Alyn denies the allegations made in paragraph 112.

113. Ms. Alyn denies the allegations made in paragraph 113.

**Second Claim**
**Trademark Infringement – 15 U.S.C. § 1114**

114. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 113.

115. Ms. Alyn denies the allegations made in paragraph 115.

116. Ms. Alyn denies the allegations made in paragraph 116.

117. Ms. Alyn denies the allegations made in paragraph 117.

118. Ms. Alyn denies the allegations made in paragraph 118.

119. Ms. Alyn denies the allegations made in paragraph 119.

120. Ms. Alyn denies the allegations made in paragraph 120.

121. Ms. Alyn denies the allegations made in paragraph 121.

122. Ms. Alyn denies the allegations made in paragraph 122.

123. Ms. Alyn denies the allegations made in paragraph 123.

124. Ms. Alyn denies the allegations made in paragraph 124.

125. Ms. Alyn denies the allegations made in paragraph 125.

**Third Claim**
**False Designation of Origin, False Description and Representation –**
**15 U.S.C. § 1125 et. seq.**

126. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 125.

127. Ms. Alyn denies the allegations made in paragraph 127.

128. Ms. Alyn denies the allegations made in paragraph 128.

129. Ms. Alyn denies the allegations made in paragraph 129.

130. Ms. Alyn denies the allegations made in paragraph 130.

131. Ms. Alyn denies the allegations made in paragraph 131.

132. Ms. Alyn denies the allegations made in paragraph 132.

133. Ms. Alyn denies the allegations made in paragraph 133.

134. Ms. Alyn denies the allegations made in paragraph 134.

135. Ms. Alyn denies the allegations made in paragraph 135.

**Fourth Claim**
**Violation of Tennessee Consumer Protection Act – Tenn. Code Ann. § 47-18-101, et seq.**

136. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 135.

137. Ms. Alyn denies the allegations made in paragraph 137.

138. Ms. Alyn denies the allegations made in paragraph 138.

139. Ms. Alyn denies the allegations made in paragraph 139.

**Fifth Claim**
**For Imposition of a Constructive Trust upon Illegal Profits**

140. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 139.

141. Ms. Alyn denies the allegations made in paragraph 141.

142. Ms. Alyn denies the allegations made in paragraph 142.

143. Ms. Alyn denies the allegations made in paragraph 143.

144. Ms. Alyn denies the allegations made in paragraph 144.

**Sixth Claim**
**Accounting**

145. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 144.

146. Ms. Alyn denies the allegations made in paragraph 146.

147. Ms. Alyn denies the allegations made in paragraph 147.

148. Ms. Alyn denies the allegations made in paragraph 148.

**Seventh Claim**
**Common Law Trademark Infringement**

149. Ms. Alyn repeats and incorporates by reference her answers to every allegation set forth in paragraphs 1 through 148.

150. Ms. Alyn denies the allegations made in paragraph 150.

151. Ms. Alyn denies the allegations made in paragraph 151.

152. Ms. Alyn denies the allegations made in paragraph 152.

153. Ms. Alyn denies the allegations made in paragraph 153.

154. Ms. Alyn denies the allegations made in paragraph 154.

155. Ms. Alyn denies the allegations made in paragraph 155.

**AFFIRMATIVE DEFENSES**

A. Southern Land's purported claim for "imposition of a constructive trust" fails to state a cognizable cause of action; imposition of a constructive trust is a remedy, not a cause of action.

B. Southern Land's purported claim for an accounting fails to state a cognizable cause of action; an accounting is a remedy, not a cause of action.

C. Southern Land's claims for cybersquatting, trademark infringement, false designation of origin and violation of the Tennessee Consumer Protection Act are barred by the applicable statutes of limitations.

D. Southern Land's claims for cybersquatting, trademark infringement, false designation of origin and violation of the Tennessee Consumer Protection Act are barred by the doctrine of laches and acquiescence.

E. Southern Land's claims for cybersquatting, trademark infringement, false designation of origin and violation of the Tennessee Consumer Protection Act are barred by the doctrine of waiver.

F. Southern Land's claims for cybersquatting, trademark infringement, false designation of origin and violation of the Tennessee Consumer Protection Act are barred by the doctrine of estoppel.

G. Southern Land's claims for cybersquatting, trademark infringement, false designation of origin and violation of the Tennessee Consumer Protection Act are barred by the doctrine of fair use.

H. Southern Land's claims for cybersquatting, trademark infringement, false designation of origin and violation of the Tennessee Consumer Protection Act are barred by the doctrine of unclean hands.

I. Southern Land's claims which rely on Southern Land's federal trademark registrations fail because Southern Land does not and has not used the purported Westhaven marks in interstate commerce. Southern Land's use of the purported Westhaven marks is limited to the geographical area within Franklin, Tennessee, and accordingly, its federal registrations are voided *ab initio.*

J. Ms. Alyn reserves the right to assert all other legal or equitable defenses that may now exist or may in the future be available based on discovery and further factual investigation in the case.

Respectfully submitted

/s/ Greg D. Latham
Gregory D. Latham (to be admitted pro hac vice)
**INTELLECTUAL PROPERTY CONSULTING, LLC**
201 St. Charles Ave., Suite 2500
New Orleans, Louisiana 70170
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
E-mail: *glatham@iplawconsulting.com*

and

Thomas K. Potter, III (TN Bar No. 024857)
John Paul Nefflen (TN Bar No. 020226)
**BURR & FORMAN LLP**
511 Union Street, Suite 2300
Nashville, TN 37219
Telephone: (615) 724-3219
Facsimile: (615) 724-3319
Email: *tpotter@burr.com*
Email: *jnefflen@burr.com*

*Attorneys for Lisa Alyn*

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of January, 2016, a copy of the Lisa Alyn's Answer and Affirmative Defenses to Second Amended Counterclaims was filed electronically with the Clerk of Court using the CM/ECF System. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Greg Latham