UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA ALYN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    NO. 3:15-cv-596 |
| | )    JUDGE CRENSHAW |
| SOUTHERN LAND COMPANY, LLC, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Lisa Alyn has filed an emergency motion for stay pending appeal (Doc. No. 100) of the Court's denial of Southern Land Company, LLC's ("Southern Land") motions to seal documents filed in support of its summary judgment motions. (Doc. Nos. 79, 83, 86, and 88.) Each of Southern Land's motions rely upon the parties' Stipulated Protective Order as sufficient to place the documents under seal.

Alyn has not filed any motion to place documents under seal. Nevertheless, she seeks to appeal this Court's Memorandum and Order of September 12, 2016 (Doc. No. 95) and Order of September 15, 2016 (Doc. No. 99) twice denying Southern Land's motions to seal. Those Orders followed the Court's Show Cause Order (Doc. No. 90) requiring Southern Land to show cause, in light of recent opinions by the United States Court of Appeals for the Sixth Circuit, why its motions to seal should not be denied. Both Southern Land and Alyn responded to the Show Cause Order by citing their Stipulated Protective Order as the basis to grant the motions to seal. (Doc. No. 91 and 93.) The Court denied Southern Land's motions to seal (Doc. No. 95) because the Court of Appeals has made very clear that an agreed protective order does not automatically create a sufficient legal basis for a district court to place documents under seal. Shane Grp., Inc. v. Blue

Cross Blue Shield of Michigan, 825 F.3d 299, 305 (6th Cir. 2016) ("There is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. . . . Secrecy is fine at the discovery stage, before the material enters the judicial record. . . . At the adjudication stage, however, very different considerations apply."); Beauchamp v. Fed. Home Loan Mortgage Corp., No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) ("During discovery, courts often issue blanket protective orders that empower the parties themselves to designate which documents contain confidential information. Once the parties place a document in the record, however, very different considerations apply.").

Alyn then filed an emergency motion for reconsideration asking this Court to reconsider and grant Southern Land's motions to seal. (Doc. No. 96) In her emergency motion Alyn shifted from the parties Stipulated Protective Order to a new argument to seal the documents. She now says that the documents Southern Land filed to support its summary judgment motions include her tax returns that constitute "financial trade secrets" protected from public disclosure under the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1702 (2013) (Doc. No. 96.) In response to Alyn's emergency motion, Southern Land conceded that its motions to seal did not satisfy the Sixth Circuit's requirements to place the documents under seal. (Doc. No. 97.) Accordingly, this Court denied Alyn's emergency motion and noted that the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1702 (2013), does not protect individual tax returns from public disclosure and that Alyn had offered no legal authority to the contrary. (Doc. No. 99.) Even though the documents were not entitled to be sealed, the Court, pursuant to its Local Rules, allowed until September 23, 2016 for the parties to jointly redact any personal information,

including but not limited to social security numbers, names of minor children, dates of birth, financial account numbers, home addresses. See Local Rule 5.10. (Id.)

Alyn seeks to appeal the denial of Southern Land's motions to seal after Southern Land concedes that they are not well taken. This Court now turns to Alyn's motion for a stay pending appeal. Federal Rule of Appellate Procedure 8(a) requires the Court to review a motion for stay pending appeal in light of four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. Russell v. Lundergan-Grimes, 769 F.3d 919, 920-21 (6th Cir. 2014).

Alyn is not likely to prevail on the merits of this appeal, because three weeks and several attempts after the Court's Show Cause Order, Alyn still has failed to provide compelling legal reasons to seal the documents filed by Southern Land in support of its summary judgment motions. The Sixth Circuit has reminded district courts of the proper standard for sealing documents at least three times in the last three months, once on its own motion. First, in Shane Group, the court considered a challenge to the terms of a class action settlement brought by class members who had been unable "to examine the bases of what they were objecting to," because the district court had allowed so many of the relevant documents to be filed under seal. 825 F.3d at 302. The court noted the long-recognized "strong presumption in favor of openness as to court records," and that "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." Id. at 305. The court held that the proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations," and that "even where a party can show

a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Id. at 305-06.

In Beauchamp, the Sixth Circuit considered an appeal of a district court's granting of summary judgment in a negligence claim and raised on its own motion its concerns that "[m]any of the documents at the nub of this dispute—including the contract itself and the documents it incorporates by reference—were filed in the court record under seal and are thus unavailable to the public." 2016 WL 3671629, at *4-5The court held that the district court's seal in the case was not justified because the district court had not satisfied its "independent duty," which exists even when "neither party objects to the propriety of sealing a court record," "to set forth specific findings and conclusions which justify nondisclosure to the public." Id. at *4.

Last, in Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co., No. 16-5055, 2016 WL 4410575, at *1 (6th Cir. July 27, 2016), the court considered an appeal of an order from a district court granting a motion to unseal the case. The plaintiff had requested a seal in the case on the basis that the public's awareness of the lawsuit would have "devastating consequences" to its business. Id. The court found that it had jurisdiction to review the district court's decision to seal court documents before the final order in the case under the collateral order doctrine. Id. at 2. After reiterating the policy issues favoring open court records and the standards articulated in its recent Shane Group and Beauchamp cases, the court upheld the district court's decision to lift the requested seal. Id. at 3-4.

The Court of Appeals has clearly directed that district judges must give more attention to the propriety of sealing documents, because "the public is entitled to assess for itself the merits of judicial decisions." Rudd, 2016 WL 4410575 at *3. This Court issued its Show Cause Order for the purpose of identifying for the parties the legal standards governing the Court's discretion to

4

seal documents and providing them an opportunity to comply with those requirements. After two attempts, Alyn has yet to identify reasons for sealing these documents with citations to legal authority that support sealing. This Court concludes that Alyn is not likely to prevail on the merits of her appeal.

Turning to the possibility of irreparable harm to Alyn, the Court has allowed until September 23, 2016 for the parties to jointly redact any personal information, including but not limited to social security numbers, names of minor children, dates of birth, financial account numbers, home addresses. See Local Rule 5.10. This will protect her from any identification fraud. The Court does not believe Alyn will be irreparably harmed because the documents that Southern Land has filed in support of its summary judgment motions will not be sealed.

Finally, on the harm to others and the public interest if a stay is granted, both favor denial of Alyn's motion to stay. The only other party who has any interest is Southern Land, which no longer believes its motions to seal are legally justified. The public interest in open courts and public disclosure of litigation favor denial of a stay. This is a trademark case in which Alyn seeks a declaration of her right to use the Westhaven mark in her real estate business and cancellation of Southern Land's federal trademark registrations under the Federal Trademark Act, 15 U.S.C. §§ 1064, 1118, 1125(a), *et seq.* (Doc. No. 1.) Southern Land has counterclaimed alleging, *inter alia*, that Alyn is violating its rights to the Westhaven mark, for which it alleges it has a valid and incontestable federally registered trademark pursuant to 15 U.S.C. § 1065. (Doc. No. 8.) Southern Land has attached Alyn's tax returns to its summary judgment motions because it believes the returns are relevant to her claim that she suffered damages as a result of Southern Land's conduct. (Doc. No. 97.) The public has a right to access information about this case, including Alyn's tax returns that may be relevant to her damages claim. Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544,

547 (7th Cir. 2002) ("[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed"); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983) ("The public has a strong interest in obtaining the information contained in the court record.").

Alyn's emergency motion for stay pending appeal (Doc. No. 100) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE