# EXHIBIT 1

5 McCarthy on Trademarks and Unfair Competition § 30:61 (4th ed.)

McCarthy on Trademarks and Unfair Competition, Fourth Edition
December 2016 Update

J. Thomas McCarthy

Chapter 30. Remedies for Trademark Infringement and Unfair Competition
III. MONETARY RECOVERY
B. RECOVERY OF DEFENDANT'S PROFITS

# § 30:61. Accounting of defendant's profits—Weighing the equities

References

**West's Key Number Digest**

West's Key Number Digest, Trademarks 1664
West's Key Number Digest, Trade Regulation 673

The Lanham Act states that all monetary remedies are "subject to the principles of equity." [1] An accounting of the profits of an infringer is traditionally an equitable remedy. [2]

The Fifth Circuit has listed six factors that should be weighed in the decision whether to award profits: (1) whether defendant intended to confuse or deceive; (2) whether sales have been diverted from the trademark owner to the infringer; (3) the adequacy of other remedies; (4) any unreasonable delay by the trademark owner in asserting its rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of "palming off." [3] Some other circuits have used these factors. [4]

Westlaw. © 2016 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 Lanham Act § 35(a), 15 U.S.C.A. § 1117(a).

2 Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161, 106 U.S.P.Q.2d 1169, 85 Fed. R. Serv. 3d 342 (10th Cir. 2013) ("[B]ecause disgorgement of profits is an equitable remedy, the district court must weigh 'principles of equity' before awarding disgorged profits."); Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 132–133, 112 U.S.P.Q.2d 1445 (2d Cir. 2014) (The remedy of an accounting of defendant's profits in a trademark infringement case is an equitable remedy.); Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1075, 43 Media L. Rep. (BNA) 1397, 113 U.S.P.Q.2d 1883 (9th Cir. 2015), cert. denied, 136 S. Ct. 410, 193 L. Ed. 2d 317 (2015) ("An accounting of profits under [35 U.S.C.A.] § 1117(a) is not synonymous with an award of monetary damages: [a]n accounting for profits … is an equitable remedy subject to the principles of equity."). *See* Restatement Third, Unfair Competition § 37, comment f (1995) ("An accounting of profits remains an equitable remedy, subject to a balancing of the relative equities of the plaintiff, the defendant, and the public.").

3 Pebble Beach Co. v. Tour 18 I Ltd., 155 F.3d 526, 554, 48 U.S.P.Q.2d 1065 (5th Cir. 1998) (Denial of award of profits was affirmed). The *Pebble Beach factors* were used in Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 349, 65 U.S.P.Q.2d 1130, 54 Fed. R. Serv. 3d 220 (5th Cir. 2002).

4 Banjo Buddies, Inc. v. Renosky, 399 F.3d 168, 174, 73 U.S.P.Q.2d 1865 (3d Cir. 2005) ("[The] District Court did not abuse its discretion in deciding to order an accounting of Renosky's profits."); Synergistic Intern., LLC v. Korman, 470 F.3d 162, 175, 81 U.S.P.Q.2d 1054 (4th Cir. 2006).

End of Document © 2017 Thomson Reuters. No claim to original U.S. Government Works.